WHEELOCK and Another *v.* BARNEY and Another.

PLEADING.—INTERROGATORIES.—Suit upon a promissory note. Answer, that the note was without consideration. The defendant filed an interrogatory to the plaintiff, requiring him to state what the consideration of the note was, and the several items constituting such consideration and their value. The plaintiff answered that the consideration of the note was goods sold by the plaintiff to defendant, at his request, &c., and that he could not give the items or their value.

*Held*, that as the plaintiff stated, under oath, that he could not give the items, or their value, the court could not require a more definite answer on that subject.

*Held*, also, that under the general plea of a want of consideration, it was not important that it should appear that there was a full consideration for the note, as the defense would fail if there was any consideration, and hence the answer to the interrogatory was sufficiently definite.

APPEAL from the *De Kalb* Common Pleas.

ELLIOTT, C. J.—*Samuel Barney* and *Lucius Barney* sued *Wheelock* and *McKay*, the appellants, on a promissory note. The defendants answered that "the note was given without any consideration whatever." Replication in denial. Trial by the court; finding for the plaintiffs; motion for a new trial overruled, and judgment.

The defendants filed with their answer the following interrogatory to the plaintiffs, to be answered under oath, viz: "What was the consideration for the note mentioned in your complaint in the above entitled cause? State the items and their value fully and clearly." *Lucius Barney*, one of the plaintiffs, answered, under oath, "that the note sued upon was executed in consideration of goods sold and delivered to the defendants, and to others in their employ and at their request, and also for goods sold to one *Skillen*, the payment of which the defendants assumed, and executed their note therefor; that he could not then give the items and value of said goods by items." This answer the defendants moved to strike out, for the reason that it did not state the items and their value, that entered into the consideration of the note sued on, "and to compel a positive, clear and full answer." Which motion the court overruled, to which the defendants excepted. This ruling presents the only question in the case. The answer states fully and clearly the nature of the consideration for the note. An itemized account of the goods sold, and their respective values, is not given, but the defendant stated, under oath, that he could not then give the items, nor the value of the goods by the items. This statement must be taken as true, and if so, it would have been useless for the court to insist on

the plaintiff giving the items or their value, when he had already answered that he could not do so.

The ruling of the court was right for another reason. The only defense set up was that the note was given without any consideration whatever. Such a defense will not. be available on trial, if there was any consideration whatever for the note, no matter how small. *Kernodle* v. *Hunt,* 4 Blackf. 57. It was therefore a sufficient answer to the interrogatory, that the note was given "for goods sold and delivered to the defendants and to others in their employ, at their order, and also for goods sold to *Skillen,* the payment of which the defendants assumed," and included in the note. Whether the goods were of the value charged, or whether the several items of the consideration amounted in the aggregate to the amount of the note, was not material, under the issue in the case, and hence no possible injury could result to the defendants from the failure of the plaintiff to state those matters in his answer to the interrogatory.

The judgment is affirmed, with ten per cent. damages and costs.

*J. E. McDonald, A. L. Roache* and *D. Sheeks,* for appellants.
*J. I. Best* and *J. A. Woodhull,* for appellees.