(7 Misc. Rep. 484.)

## JOHNSON v. FRIEDHOFF.

(Common Pleas of New York City and County, General Term. March 14, 1894.)

GOOD WILL—RIGHT OF PURCHASER.

    Where the purchaser of a business and the good will finds that there is no good will, he is without remedy, unless he can show fraudulent representation or suppression of fact on the part of the seller. 23 N. Y. Supp. 665, reversed.

Appeal from city court, general term.

Action by Christopher A. Johnson, as administrator of Christopher Johnson, against John P. Friedhoff. From a judgment of the city court (23 N. Y. Supp. 665) affirming a judgment dismissing the complaint, plaintiff appeals. Reversed.

The action was brought to recover the sum of $1,210, balance due on the purchase of the lease of the premises 112 Sixth avenue, and the good will of the business theretofore conducted at said place. The premises were sold at public auction, and the defendant's bid was $1,250. The answer of the defendant contains various denials putting in issue allegations of the complaint, but admits the sale to him at auction for the said price, and alleges that the good will of the business sold to him consisted of the patronage of a retail liquor saloon; that he afterwards ascertained that there was no good will to the said business; that the premises had been raided by the police authorities on account of a murder committed there, and the license to carry on the liquor trade issued to the plaintiff had been revoked at the time of the sale, and the good will of the business was therefore worthless; that all this was known to the plaintiff, and the fact of the revocation of the license was suppressed at the sale, and not made known to the defendant. The court dismissed the complaint on the ground that there was no good will to sell.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

D. Frank Lloyd, for appellant.

Rabe & Keller, for respondent.

PER CURIAM. The good will of a business is the custom which it attracts, and the benefits or advantage it receives from constant or habitual customers, and the probability that the old customers will continue to come to the place. 1 Burrill, Law Dict. 689; Fenn v. Bolles, 7 Abb. Pr. 202. The vendor who sells the good will of a business guaranties nothing, for, in the nature of things, he can give no assurance that the patronage of the place will continue. It is the sale of a mere chance that a preference which has usually been extended will continue. 8 Am. & Eng. Enc. Law, p. 1366. He sells what he has, and if the purchaser, when he attempts to continue the business, discovers that there is no trade or custom connected with it, he is without remedy, unless he can show some fraudulent representation or suppression of fact on the part of the vendor. In this case there is an allegation of a suppression of fact, but there is evidence that the auctioneer expressly stated at the sale that the license had been revoked. If there were any question of fact upon that point, it was for the jury. The court dismissed the complaint upon the ground that the evidence estab-

lished that there was no good will to sell. It appeared that the license of the place had been revoked on account of a crime committed there, but there was nothing in the evidence, besides, to show that, if the place were reopened under reputable management, a license could not be procured, and the business conducted so as to attract the trade or custom which it formerly enjoyed, or which it was likely to acquire on account of the location of the premises. Until the defendant had actually attempted to conduct the business upon the premises, there was no means of determining whether the former custom could be induced to return. This was a matter which depended wholly upon experiment, and the experiment had not been tried.

As to the failure to assign the lease, the defendant having refused to complete his purchase, the tender of such assignment was not necessary; and the court having expressly refused to dismiss upon the ground of want of assignment, thereby relieving the plaintiff from the necessity either of proving it or amending his complaint, which he might have asked leave to do, the dismissal cannot be affirmed on that ground. Judgment reversed, and a new trial ordered, with costs to abide the event.