# SOUTHERN DEPARTMENT—WESTERN DIVISION.
## SEPTEMBER TERM, 1895.

BENJAMIN FERGUSON v. ANDREW PRINCE.

No. 19.

JUSTICE'S COURT—*Set-off—Inconsistent Defenses.*  In all actions before a justice of the peace the plaintiff is required to file a bill of particulars of his demand, and the defendant, if required by the plaintiff, shall file a like bill of particulars which he may claim as a set-off, and the evidence on the trial must be confined to the items set forth in such bill, and where the case is taken on appeal it will be tried *de novo* in the district court upon the original papers, unless the appellate court allows amendments or new pleadings to be filed.  If the plaintiff does not require the defendant to file any bill of particulars, the defendant may prove on the trial of the case any defenses he may have, without any pleading whatever.  But where a defendant in open court, in stating his case, states that he intends to submit evidence to prove two separate and distinct defenses, he stands in the same position as though his defenses were set forth in a pleading, and the evidence must be confined to the defenses so stated; and where the defendant states two separate and distinct defenses, which are inconsistent, the court should require him to elect upon which one of the defenses he will rely, and the evidence upon the trial should be confined to the defense upon which the defendant has elected to stand.

MEMORANDUM.—Error from Ford district court; A. J. ABBOTT, judge.  Action on account by Andrew Prince against Benjamin Ferguson.  Judgment for plaintiff for $110.  The defendant brings the case to this court.  Affirmed.  The facts are stated in the opinion, filed October 1, 1895.

*Sutton & McGarry*, for plaintiff in error.

*B. F. Milton*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: Andrew Prince brought suit before a justice of the peace of Ford county, Kansas, to recover from Benjamin Ferguson the sum of $166 for work and labor. The defendant filed no answer or bill of particulars, and none was demanded by the plaintiff. Upon the trial, judgment was rendered for the plaintiff below, and the case was taken to the district court by defendant below on appeal, and the case was tried in the district court without a jury, and, after the plaintiff below had submitted his evidence to prove the statement in his bill of particulars and rested his case, the defendant below stated in open court that he would submit evidence to prove two defenses: (1) That he would offer to prove that prior to the commencement of this action the plaintiff and defendant met, together with three of their neighbors as arbitrators, and had by agreement settled all the differences between them, including the claim sued on in this action, up to date; that by such settlement the plaintiff was found to be indebted to him in the sum of $24; (2) that defendant would offer evidence to show set-offs and counter-claims in his favor against the plaintiff, which would amount to more than the amount claimed by plaintiff's bill of particulars. The plaintiff below then made a motion in open court that defendant below be required to elect upon which one of the defenses he would offer proof, and the court sustained the motion and decided that the two defenses were inconsistent, and required the defendant to elect upon which defense he would proceed. The defendant excepted to this decision of the court, and thereupon he elected to stand on the defense of settlement; and after defendant below submitted his evi-

dence in support of the defense of settlement, he again offered to submit evidence to prove set-off and counter-claim, which he claimed in the aggregate would exceed the amount claimed by plaintiff in his bill of particulars.    To the offer the plaintiff below objected, and the court sustained the objection, and defendant below excepted.    The defendant below then rested his defense, and the plaintiff below submitted rebutting testimony and rested, and upon all the evidence submitted the court found for the plaintiff below, and rendered a judgment in his favor for the amount found due.

The record presents but one question for the consideration of this court, and that is, whether the court erred in deciding that the two defenses offered were inconsistent, and whether inconsistent defenses are admissible.    Section 71, chapter 81, General Statutes of 1889 (¶ 4921), reads:

"In all cases before a justice, the plaintiff, his agent or attorney, shall file with such justice a bill of particulars of his demand, and the defendant, if required by the plaintiff, his agent or attorney, shall file a like bill of particulars he may claim as a set-off; and the evidence on the trial shall be confined to the items set forth in said bill."

Section 122, chapter 81, General Statutes of 1889 (¶ 4974), provides that upon appeal

"the case shall be tried *de novo* in the district court upon the original papers on which the cause was tried before the justice, unless the appellate court, in the furtherance of justice, allow amended pleadings to be made or new pleadings to be filed."

In the case of *Wagstaff v. Challiss*, 29 Kan. 506, the supreme court in its opinion says:

"If a plaintiff, in an action before a justice of the peace, desires to know in advance whether the de-

fendant claims a set-off, and the items thereof, the defendant, if required by him, shall file a bill of particulars—not otherwise. None is required by said section 71, before the justice, unless demanded by the plaintiff. If a plaintiff does not require the defendant to file any bill of particulars or other pleading before the justice, such defendant may prove on the hearing before the justice any defense which he may have, without any pleading whatever. On appeal to the district court, the parties lose no rights and gain none. Each party, without filing new pleadings, may prove any cause of action or defense which he might have proved before the justice."

When defendant below stated in open court that he would offer evidence to support two separate defenses, did that amount to the same thing in effect as though he had set up the two defenses in an answer or bill of particulars? We think it did — that the defendant then stood in the same situation as though he had set up the two defenses in a written pleading ; and the same rule in relation to the evidence thereunder must be applied as though the statement were contained in a pleading. This being so, then, under the liberality of our code, can the defendant be permitted to interpose inconsistent defenses to an action in a justice's court? Section 94, chapter 80, General Statutes of 1889 (¶ 4177), reads :

"The answer shall contain : First, A general or specific denial of each material allegation of the petition controverted by the defendant. . . . The defendant may set forth, in his answer, as many grounds of defense, counter-claim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both. Each must be separately stated and numbered, and they must refer, in an intelligible manner, to the causes of action which they are intended to answer."

In the case of *Butler v. Kaulback*, 8 Kan. 672, Mr.

Justice VALENTINE, delivering the opinion of the court, says :

" In the nature of things a party cannot have inconsistent defenses. It is impossible that a thing may be true and untrue at the same time. For this reason parties are not allowed to set up inconsistent defenses, for such defenses carry falsehood upon their face. Therefore, whenever a defendant admits anything in his answer, it is right to presume that the admission is intended to modify and control anything else that may be found in the answer in apparent conflict therewith."

In the case of *Wright v. Bacheller*, 16 Kan. 267, Mr. Justice VALENTINE, delivering the opinion, says :

" But in verifying the first defense she *swore* substantially that she never executed said mortgage in any manner, either voluntarily or involuntarily. In the second defense she denies that ' she ever executed *any mortgage deed* to said plaintiff, either separately or conjointly with her husband.' These allegations are inconsistent with the affirmative allegations of the answer ; for it cannot be true that she executed the mortgage under duress which she never executed. The setting up of inconsistent defenses like these should never be encouraged."

Bliss, in his work on Code Pleading, section 342, says :

" Following the liberal policy of the law, as first shown in the statute of Anne, the codes authorize the defendant to make as many defenses as he may have, and the most important question that hence arises pertaining to its extent — whether the permission is so general as to relieve the defendant from the obligation to tell the truth, so general as to authorize him to make inconsistent defenses, and of such a nature that some must necessarily be untrue. To aid in the solution of this question, it is well to consider the rule in equity practice from which so much has been borrowed. Daniell thus briefly states it : 'Although a

defendant may be permitted to set up, by his answer, several defenses as the consequence of the same state of facts, or of facts which are consistent with each other, a defendant cannot insist upon two defenses which are inconsistent with each other, or are the consequence of inconsistent facts. And, in the application of this rule, it makes no difference whether the inconsistent defenses are each substantially relied upon, or are set up in the alternative ; that answer is bad which either contains inconsistent defenses or an alternative of inconsistent defenses.' "

In the case of *Auld v. Butcher*, 2 Kan. 159, Cobb, C. J., delivering the opinion of the court, says :

" Suppose the defendant, together with the answer filed by him, had filed an additional answer setting up the three years' limitation as a bar to the partnership account? The one would have been in irreconcilable antagonism with the other. By one answer he sets up a partnership account upon which he alleges there is a large balance due to him, and prays the court to take an account of the partnership business and give him a judgment for the balance in his favor. By the other he declares in the same breath, that the whole partnership account is barred by the statute of limitations, and no judgment can be rendered on it. In such case, the court, on motion, would compel the defendant to elect which answer he would stand upon, and strike the other from the record. . . . But surely the defense attempted in this case is not less inconsistent with the defendant's answer than if it had been placed upon the record with it."

Were the two defenses which the defendant below proposed to prove inconsistent defenses? If the first one was true, was the second one necessarily false? If the plaintiff and defendant had met with three of their neighbors and made a settlement of all matters between them up to the date of the commencement of the action, and a balance had been found due the de-

fendant below, it would be inconsistent to say that there were then existing unsettled differences between them that could form either a set-off or a counter-claim.    We think the court ruled correctly on the motion to require the defendant below to elect upon which one of the inconsistent defenses, stated by him, he would proceed to submit his evidence.    We do not think the court erred in sustaining the objection of the plaintiff below to defendant's offer to submit evidence to prove a counter-claim or set-off after defendant had elected to rely upon his defense of a settlement.    After a careful examination of this case, we do not find any error committed by the district court upon the trial.

The judgment of the district court is affirmed.

All the Judges concurring.