CASE 15—ACTION TO ENFORCE LIEN—MARCH 14.

# Ryan v. Middlesborough Town Lands Co.

APPEAL FROM BELL CIRCUIT COURT.

1. PLEADING—ACTION TO FORECLOSE LIEN—DESCRIPTION OF PROPERTY.—
   It is a sufficient description of property against which a lien is
   sought to be enforced to allege that it is "known and designated
   upon the map of town lots of the Middlesborough Town Co., re-
   corded in the office of the clerk of the Bell County Court as lot
   No. 7 in block No. 407, section northeast."
2. SAME—ANSWER.—An answer which avers that the contract sued
   on and its sale to defendant were procured by fraud, covin and
   misrepresentation, is good without stating the facts constituting
   the fraud, covin or misrepresentation.
3. SAME—REPRESENTATIONS OF ANTICIPATED FACTS.—A fraudulent
   misrepresentation to warrant relief from a contract must be of
   an existing and not of an anticipated fact; and the answer in
   this case, fairly construed, sets out promises for the future.

W. E. CABELL AND ISAAC T. WOODSON FOR APPELLANT.

1. As to insufficiency of description of property. Ross v. Adams,
   13 Bush, 370; Faught v. Henry, 13 Bush, 471.
2. As to invalidity of proceedings against nonresident. Brown-
   field v. Dyer, 7 Bush, 505; Max Meadows L. & I. Co. v. Brady,
   Virginia Court of Appeals, Va. Law Reg., 1895.
3. As to the sufficiency of answer, set-off and counterclaim. Wilson
   v. Carpenter, 91 Va., 184; Max Meadows L. & I. Co. v. Brady;
   Benjamin on Sales, vol. 1, 643, 644, 645, 646, notes 11 and 12;
   Herman on Estoppel, vol. 2., par. 1169; par. 772, p. 898.

SAMPSON & CHAPMAN FOR THE APPELLEE.

1. The description of the land in the petition was good. It refers
   to the map of record.
2. Lloyd was not a necessary party to the action and no judgment
   was rendered in any way affecting him.
3. The second paragraph of the answer is not good. It attempts
   to plead a want of consideration for the execution of the notes

by Lloyd and the assumption of the same by Ryan, when at the same time it admits possession of the land for which the notes were executed.

4. The third and fourth paragraphs are not good because they fail to state wherein the fraud, covin and misrepresentations of the plaintiff consisted.

5. The fifth paragraph was not good; it did not state that the plaintiff had misrepresented a material existing fact. Sawyer v. Prickett, 19 Wall., 146; First Natl. Bank of Stamford v. Mattingly, 14 Ky. Law Rep., 69. Nor does this paragraph state anywhere that the alleged misrepresentations were made for the purpose of deceiving defendant or any one. Misrepresentations, unless they be of existing facts, are the mere expressions of opinion, of hope or expectation and can not be the basis of an allegation of fraud. Wade v. Ringo, 25 S. W. R., 901; Gage v. Lewis, 6 Ill., 604; Ball v. Lively, 4 Dana, 370; Huls v. Black, 14 Ky. Law Rep., 805; Brandt. on Suretyship, &c., 404; Fisher v. May, 4 Bibb, 450.

6. The pleading is further defective in failing to show the defendant relied on the alleged misrepresentations as true, and that the Town Companies' agents knew them to be false. Marksbury v. Taylor, 10 Bush, 520; Ball v. Lively, *supra*; Jasper v. Hamilton, 3 Dana, 280; Stewart v. Dougherty, 3 Dana, 479; Buford v. Brown, 6 B. M., 553; Campbell v. Hillman, 15 B. M., 518; English v. Thomasson, 82 Ky., 280.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellee brought suit against appellant and one B. L. Lloyd, alleging that its predecessor, the Middlesborough Town Company, had sold and conveyed to Lloyd a lot of land in Middlesborough, retaining a lien for the unpaid purchase money; that Lloyd, in part payment therefor, had executed three promissory notes, which were due and unpaid, and had been assigned to appellee for a valuable consideration; that Lloyd had sold the lot mentioned to the appellant, Ryan, by deed, which was acknowledged and delivered to and accepted by Ryan, and in which appellant, as a part of the purchase price, assumed and agreed to pay

and satisfy all the lien notes, and that appellant was in possession of the land.

A demurrer to the petition was properly overruled, the sale by Lloyd to Ryan, and the assumption by the latter of the unpaid lien notes, being sufficiently averred, and the lot being sufficiently described as "known and designated upon the map of town lots of the Middlesborough Town Company, recorded in the office of the clerk of the Bell county court as lot No. 7 in block No. 407, section northeast."

Lloyd was made a party defendant by constructive process, but did not appear or plead.

Appellant Ryan filed an answer, set-off and counterclaim, to which a demurrer was sustained by the trial court, but judgment was rendered for the enforcement of the lien only, and the question of personal judgment against Ryan was reserved.

In the first paragraph he pleads no consideration for the assignment from the Town Company to the Town Lands Company; but in the same paragraph nullifies that denial by admitting the consideration of the Town Lands Company succeeding to the rights, properties *and liabilities* of its assignor.

The second paragraph is an attempt to plead no consideration; but is inconsistent with the admission that the notes were executed for the lot in question, which was of value, though claimed to be of less value than the face of the note.

The third paragraph is an averment in general terms that the execution of the notes was procured by fraud, covin and misrepresentation of the Town Company and its agents. This is claimed to be defective, because it does not state

the facts which constitute the fraud, covin and misrepresentation.

The fourth paragraph is objected to for the same reason, it averring merely that the assumption to pay the purchase money notes by Ryan was procured by the fraud, covin and misrepresentation of the Town. Company and its agents.

Appellant's complaint as to the ruling on the demurrer to the third and fourth paragraphs of his answer seems to us, upon examination, to be well founded, and the trial court erred in sustaining the demurrer. (Whitehead v. Root, 2 Met., 538; Ross v. Braydon, 2 Dana, 161; Sharp v. White, 1 J. J. Mar., 106; Boyd v. Smoot, 5 R., 119; Newman's Pleading & Practice, 543.)

The fifth paragraph undertakes to set up specifically fraudulent misrepresentation. But all the averments are as to promises for the future, with one exception. It was averred that various industrial enterprises would be established by various corporations and persons, which would give employment to a great number of people, and thereby increase the value of the property. It is true there is an averment that representations were made "that these plants and enterprises had been secured by contract between said company and the parties and corporations proposing to erect and operate same, to locate at Middlesborough," and also that these representations were false and fraudulent; but the paragraph specifies wherein they were false, viz; in that a number of the enterprises were never erected or operated in or about the town. We are of opinion that the pleading fairly construed bases the falsity of these representations upon the fact that the enterprises were not established, and not upon any claim that there were no contracts for their establishment at Mid-

dlesborough. Nor was it averred that the company or its agents had knowledge of the falsity of the representations of existent facts, or, without knowledge of their truth, asserted their truth as having knowledge. Moreover, it is not alleged that but for these representations appellant would not have purchased.

As to the promissory representations, it seems to be well settled that promises as to the future, whether to be performed by the vendor or a third person, are not a basis for legal or equitable relief, unless incorporated in the contract, or averred to have been omitted therefrom by fraud or mistake. As said by Judge Daniel in Turner v. Navigation Co. (2 Dev. Eq., 239):

"If there was no fraud in making the sale and obtaining the bond, parol evidence is inadmissible for the purpose of annexing a condition to the written deed, which appears on its face to be absolute and unconditional. Any declarations made at the time of the sale by the vendor, relative to the property, if not incorporated in the written contract of sale, are presumed to have been abandoned by the parties, as forming no part of it. They are not to be proved by parol, to explain the contract, or in any way to affect it, except when it is alleged that they were false, and so known to be by the vendor at the time, and were spoken with a view to commit a fraud on the vendee."

See also 8 Am. & Ency. of Law, p. 637, note 1; note G to Hedin v. Minn. Med. & Surg. Inst., 35 L. R. A., 420-21; note to Fargo Gaslight & Coke Co. v. Fargo Gas & Electric Light Co., 37 L. R. A., 607; Sawyer v. Prickett, 86 U. S., 146.)

We have been cited to no case holding that representations regarding the future furnish ground for relief, either by action for deceit or for rescission of a contract.

The questions arising in this case are settled by the case of Livermore v. Middlesborough Town Lands Co., this day decided, except as here indicated.

For the error in sustaining the demurrer to the third and fourth paragraphs of the answer the judgment is reversed and cause remanded for further proceedings consistent herewith.

The whole court sitting, Judge Guffy dissenting.