(March 25, 1916.)

## MILLER M. HARSHBARGER, Respondent, v. J. R. EBY and ELIZA R. EBY, Appellants.

[156 Pac. 619.]

PLEADINGS—GROUNDS OF DEFENSE — ELECTION—INCONSISTENT ALLEGA
TIONS—CONSTRUED AGAINST PARTY ALLEGING—PROMISSORY NOTE—
CONSIDERATION—PROPERTY—GOODWILL—CONTRACT — CONSIDERATION
SHOWN—ORAL EVIDENCE TO VARY INADMISSIBLE—INSTRUCTIONS TO
JURY.

1. *Held*, that it was the duty of the trial court, under the pleadings in this case, either to have granted respondent's motion to strike out all of paragraph 3 on page 3 of appellants' first alleged further answer and defense and all of paragraph 3, beginning at the bottom of page 5 of their second alleged further answer and defense, contained in their amended answer, or to have required them to elect upon which defense they intended to rely; and that the evidence upon the trial should have been confined to the defense upon which they elected to stand.

2. Under sec. 4187, Rev. Codes, a defendant may set forth by answer as many defenses and counterclaims as he may have, and the same may, to a certain extent, be inconsistent with each other, but they must not be so inconsistent that the proof of one defense would necessarily disprove the other.   And where the allegations of an amended answer are inconsistent, the defendant will be bound by those against him.

3. Inadequacy of consideration is no defense to an action on a promissory note, unless there was fraud also on the part of the promisee.   (*Caldwell v. Ruddy*, 2 Ida. 1, 1 Pac. 339, cited and followed.)

4. *Held,* that the goodwill of a business is a species of property subject to sale, but the vendor who sells the goodwill of his business guarantees nothing, for, in the nature of things, he can give no assurance that the patronage of the place will continue.

5. Where it appears that the value of the business, the property and the goodwill has been agreed upon by the contracting parties and stipulated in a written contract, and no other consideration than that fixed in the contract is shown; and where it further appears that the written contract was admitted to be the contract entered into between the parties in which the consideration for such business, property and goodwill as a whole was fixed, the trial court did not err in striking out the testimony of appellant attempting to fix the value of each article of personal property and the real estate, separately.

6. *Held,* that the court did not err in denying appellants' offer of certain proof.

7. In this case the amended answer being insufficient as a denial of the allegations in the complaint, and the court having instructed the jury to find for respondent, *held,* that the instruction was right, as no evidence was required on the part of respondent to establish appellants' indebtedness on the note, and there was sufficient evidence to establish the attorney's fee.

[As to oral evidence to vary written contract, see note in 11 Am. St. 393.]

APPEAL from the District Court of the Ninth Judicial District, in and for Fremont County.   Hon. James G. Gwinn, Judge.

Action to recover on promissory note.   Judgment for plaintiff.   *Affirmed.*

Chas. R. Moon, for Appellant.

The consideration named in a written instrument may be shown by parol evidence to be different from that expressed. (3 Jones on Evidence, art. 469; *Van Lehn v. Morse,* 16 Wash. 219, 47 Pac. 435; *Don Yook v. Washington Mill. Co.,* 16 Wash. 459, 47 Pac. 964; *Welch v. Brown,* 46 Colo. 129, 103 Pac. 296; *Parish v. Stone,* 14 Pick. (Mass.) 198, 25 Am. Dec. 378; *Herbert v. Ford,* 29 Me. 546; *Folsom v. Mussey,* 8 Greenl. (8 Me.) 400, 23 Am. Dec. 522.)

It is right and proper to show what was the actual value of the property at the time of the sale, as tending to show what was the actual consideration for each separate class of property sold, to wit, the real and personal property and the goodwill of the business.   (*Wheeler v. F. A. Buck & Co.*, 23 Wash. 679, 63 Pac. 566; *Barney v. Fuller*, 133 N. Y. 605, 30 N. E. 1007; *Kimball v. Locke*, 31 Vt. 683; *Bradbury v. Dwight*, 3 Met. (Mass.) 31; *Swain v. Cheney*, 41 N. H. 232; *Weidner v. Phillips*, 114 N. Y. 458, 21 N. E. 1011; *Miller v. Livingston*, 22 Utah, 174, 61 Pac. 569; *Warwick v. Hitchings*, 50 Wash. 140, 96 Pac. 960; *McCowan v. Northeastern Siberian Co.*, 41 Wash. 675, 84 Pac. 614.)

Soule & Soule and A. H. McConnell, for Respondents.

Where a plea of entire want of consideration is made, it is not supported by proof of a partial want or of a failure of consideration.   (*Wilson v. Town of Monticello*, 85 Ind. 10; *Wheelock v. Barney*, 27 Ind. 462; *Shirk v. Neible*, 156 Ind. 66, 83 Am. St. 150, 59 N. E. 281–284; *Crouch v. Davis' Exr.*, 23 Gratt. (Va.) 62, 75.)

These two defenses were so inconsistent with each other that the proof of one would necessarily disprove the other, and under the rule in this state such defenses cannot be interposed.   (*Murphy v. Russell & Co.*, 8 Ida. 133, 67 Pac. 421.)

"Where the allegations in an answer are inconsistent with each other the defendant is bound by those against him." (*Mitchell v. Ripley*, 5 Kan. App. 818, 49 Pac. 153; *Bierer v. Fretz*, 32 Kan. 329, 4 Pac. 284; Wharton on Evidence, sec. 1110; *Paige v. Willet*, 38 N. Y. 28; *Myrick v. Bill*, 3 Dak. 284, 17 N. W. 268–270.)

Where the compensation for services rendered, or the price of property sold, or material furnished, is stipulated by express agreement, no evidence of value is admissible.   (9 Cyc. 567.)

BUDGE, J.—This action was commenced in the district court of the ninth judicial district in and for Fremont county

by respondent to recover on a promissory note in the sum of $2,500, together with interest and attorney's fee.

Appellant, prior to the date of the execution and delivery of this note, resided at Elko, Nevada, where he was following his profession as a physician and surgeon. Respondent, who was also a physician and surgeon, following his profession at St. Anthony, Idaho, had authorized the publication of a notice in ''The Journal of the American Medical Association'' that he desired to sell his business, briefly describing the same. The notice having come to his attention, appellant J. R. Eby went to St. Anthony for the purpose of investigating, and, if satisfied with the result of his investigation, purchasing respondent's business. The parties met at St. Anthony and as a result of their negotiations a sixty or ninety days' option was given by respondent to appellant for the purchase of the former's business and certain real and personal property, and the goodwill. Prior to the expiration of the option, appellant concluded to exercise his right thereunder, and made the purchase. When the transaction was concluded, appellant paid respondent $3,000, and, with his wife, executed and delivered to respondent a note for $2,500 in full payment of the purchase price for the business, the goodwill and the property.

An instrument designated a contract of sale, which was executed by the parties, and which appears in appellants' amended answer, sets out in full and describes the real and personal property purchased and the total sum to be paid for the business, the goodwill and the property enumerated, being $5,500. Included in this contract of sale is a further agreement between the parties that respondent would cease to engage in the practice of his profession in St. Anthony and Fremont county for a number of years, which provision respondent complied with by moving away from the state.

When the note fell due, respondent commenced this action for the purpose of enforcing payment, and alleged in his complaint, *inter alia,* that the note was due; that it provided for a reasonable attorney's fee; and that $500 was a reasonable attorney's fee. Respondent prayed for judgment for

the amount due on the note, together with interest and attorney's fee.  To this complaint appellants filed an answer, to which respondent demurred, and also moved to strike out certain affirmative allegations contained therein.  The demurrer and motions were sustained.  Thereafter appellants filed their amended answer, in which they admit the execution and delivery of the note, but affirmatively allege that it was executed and delivered to respondent without a valuable consideration and that they received no valuable consideration therefor; also admitting that they have not paid the note, but denying that $500 or any other sum is a reasonable attorney's fee.  They further allege as a conclusion, in avoidance of the note, that they were induced to sign and deliver it to respondent through his fraud and misrepresentations.  They undertook to allege in their amended answer, as a further second and separate defense, fraud of respondent in procuring the note in suit, and as a further third and separate defense, a breach of warranty on the part of respondent.

Respondent filed a motion to strike from appellants' amended answer the allegations of fraud and of breach of warranty, for the reason that these allegations were inconsistent with the allegation of want of consideration.  He also filed a demurrer to each of the separately alleged defenses, on the ground that neither of them stated facts sufficient to constitute a ground of defense.  The motion to strike was denied and the demurrer was overruled.

Respondent then sought to have appellants elect upon which of the defenses they intended to rely, but from an examination of the record we are unable to determine definitely the final ruling of the court on this latter motion.  It was the duty of the court, under the pleadings in this case, either to have granted respondent's motion to strike or to have required appellants to elect upon which defense they intended to rely.  The evidence upon the trial should have been confined to the defense upon which they elected to stand.  (*Ferguson v. Prince,* 2 Kan. App. 7, 41 Pac. 988.)

Respondent introduced evidence in support of his complaint and rested.  Whereupon appellant J. R. Eby was

sworn, but before any material testimony was introduced through him, respondent objected to any evidence under any of the alleged defenses, for the reason that none of them stated a proper ground of defense. This objection was overruled. Thereafter evidence was introduced on the part of appellants; and after they rested, respondent moved for a directed verdict in his favor, which motion was granted and the court so instructed the jury. Thereupon the jury returned a verdict in favor of respondent for $3,052.85, upon which verdict judgment was duly entered. This is an appeal from the judgment.

Appellants specify and rely on three assignments of error. The first involves the ruling of the court in sustaining respondent's motion to strike out certain testimony given by witness Eby.

The record discloses that appellants had set out in their amended answer and separate defenses a complete enumeration of all of the property purchased, as shown in the contract of sale signed by the parties when the deal was consummated. They affirmatively allege in their second separate defense, among other things, that, for and in consideration of the business, the goodwill and the property, they were to pay respondent $5,500, and that they made, executed and delivered to respondent for the balance of said purchase price their promissory note dated September 1, 1911, which is the note in suit. They then allege that the real and personal property purchased would not exceed the value of $1,750, and that the remainder of the $5,500 was for the business and the goodwill. The same admissions are again made in the third separate defense, where breach of warranty is alleged. It will thus be observed that in one of the allegations of appellants' amended answer they allege that they received no consideration for the note sued upon and plead want of consideration, and immediately thereafter they allege that they entered into a written contract, whereby they agreed to pay $5,500 for the business, property and goodwill, but that the property was not worth what they agreed to pay for it. They then allege that the note was executed and delivered to respondent for

the balance of said purchase price, i. e., the balance of the purchase price agreed to be paid for the business, property and goodwill.

These allegations of the amended answer cannot be reconciled under any rule of pleading. While it is true that, under sec. 4187, Rev. Codes, the appellants were permitted to set forth in their amended answer as many defenses and counterclaims as they might have, and the same might, to a certain extent, be inconsistent with each other, yet they must not be so inconsistent that the proof of one defense would necessarily disprove the other. (See to the same effect, *Seattle National Bank v. Carter (Jones)*, 13 Wash. 281, 43 Pac. 331, 48 L. R. A. (Extra Annotated) 177.) Where the allegations of the amended answer are inconsistent, appellant would be bound by those against him. (*Mitchell v. Ripley*, 5 Kan. App. 818, 49 Pac. 153; *Bierer v. Fretz*, 32 Kan. 329, 4 Pac. 284.)

In the case of *Hensley v. Tartar*, 14 Cal. 508, the court said: "It is . . . . proper to say further that a sworn answer should be consistent in itself, and should not deny in one sentence what it admits to be true in the next. The object of sworn pleadings is to elicit the truth, and this object must be entirely defeated if the same fact may be denied and admitted in the same pleading." In *Myrick v. Bill*, 3 Dak. 284, 17 N. W. 268, it is said: "A defendant is not at liberty to raise an issue which he has closed by admissions (and *a fortiori* by averments) in his answer. Nor can one who explicitly admits or owns by his pleading that which establishes plaintiff's right, be permitted to deny the existence of the fact so admitted or averred, or to prove any state of facts inconsistent therewith." (See, also, *Murphy v. Russell & Co.*, 8 Ida. 133, 67 Pac. 421; *Hayes v. Silver Creek etc. Co.*, 136 Cal. 238, 68 Pac. 704.)

Upon the trial it appears that witness J. R. Eby testified that he agreed to pay to respondent $5,500 for the business, the real and personal property described and enumerated in the contract of sale and the goodwill of the business. He further testified that they did not agree, either before or after

making the contract, upon a fixed price for each separate article of personal property or upon the separate value of the real estate, the business or the goodwill, but that the $5,500 was the full purchase price to be paid therefor; that he had paid $3,000 under the contract; and that the note in suit was given for the balance of the purchase price for the property, the business and the goodwill. However, he then proceeded to testify what, in his opinion, was the actual value of the real estate and each separate article of personal property at the date of the purchase, enumerating in his testimony, all of the various articles of personal property set out in the contract of sale and in appellants' amended answer, and fixing a separate value on each article, evidently not for the purpose of showing want of consideration for the note in suit, but for the purpose of showing inadequacy of consideration, as he had theretofore testified and it was alleged in appellants' amended answer that the note was given in part payment for the business, the property and the goodwill.

His testimony, in fixing the value of the real estate and of each article of personal property, separately, was, therefore, in direct conflict, not only with the terms of the written contract of sale, but also with the allegations of the amended answer, and was clearly not within the issues.

It was held by this court in the case of *Caldwell v. Ruddy*, 2 Ida. 1, 1 Pac. 339, that inadequacy of consideration is no defense to an action on a promissory note unless there was also fraud on the part of the promisee; that it is not the duty of the court to relieve parties from the obligations of their contracts, fairly made, because they are disadvantageous or foolish, but to enforce them; and that courts, both of law and of equity, refuse to disturb contracts on the grounds of mere inadequacy, whether the consideration is of benefit to the promisor or of injury to the promisee. It is not contended in this case that there was any fraud perpetrated upon appellants in the inception of the contract, but, on the other hand, it is contended that appellants did not receive the practice that respondent had represented that he had enjoyed; that the goodwill of the business had not brought them the ex-

pected returns; and that collections were not as good as respondent had claimed they were.  These were not such statements as, under the facts in this case, would constitute fraud, even should it be conceded that fraud was properly alleged in appellants' amended answer.  Appellants had by their own showing ample opportunity to advise themselves upon these matters.

It is apparent that appellants sought to introduce evidence of the value of each article of personal property and the real estate, separately, for the express purpose of establishing that the business, personal property, real estate and goodwill, purchased from respondent were not of the value that had been theretofore agreed upon between the parties, but that the personal property and real estate were worth only $1,750 and that the business and goodwill were valueless, and that therefore the note in suit had been obtained without consideration.  In *Johnson v. Friedhoff,* 7 Misc. Rep. 484, 27 N. Y. Supp. 982, it was said that "The goodwill of a business is the custom which it attracts, and the benefits or advantage it receives from constant or habitual customers, and the probability that old customers will continue to come to the place. . . . . The vendor who sells the goodwill of a business guarantees nothing, for, in the nature of things, he can give no assurance that the patronage of the place will continue."

In the case of *Smock v. Pierson,* 68 Ind. 405, 34 Am. Rep. 269, the court said: "It is well settled that the 'goodwill' of a business, like a trademark, is a species of property subject to sale by the proprietor, and which may be sold by order of court. . . . . In estimating the value of a thing as the consideration for a promise, there is a manifest distinction between property of a certain and determinate value, and things which have but a contingent and indeterminate value.  But, in any event, mere inadequacy of consideration is not sufficient to defeat a promise.  It is sufficient that the consideration shall be of some value.  It may only be of slight value, or such as could be of value to the party promising.  (1 Chitty, Contracts, 29.)  Where a party gets all the consideration he

voluntarily and knowingly contracts for, he will not be allowed to say that he got no consideration.''

In *Wilson v. Town of Monticello,* 85 Ind. 10, the court said: ''The plea of want of consideration requires for its support evidence essentially different from that required to support the defense of fraud. Such a plea is not supported by proof of a partial failure of consideration. (*Crow v. Eichinger,* 34 Ind. 65; *Smock v. Pierson,* 68 Ind. 405, 34 Am. Rep. 269; *Wheelock v. Barney,* 27 Ind. 462.) As the defenses of want of consideration and of fraud are so different in their character, separate pleas are necessary, and if separate pleas are required, then the defense of fraud cannot be made available under the plea of want of consideration.'' And in *Wheelock v. Barney, supra,* it was held that under the general plea of a want of consideration, it was not important that it should appear that there was a full consideration for the note, as the defense would fail if there was any consideration whatever for the note, no matter how small.

In view of the allegations contained in the amended answer, we are of the opinion that the court erred in permitting witness Eby to testify to the value of each article of personal property and of the real estate, separately, for the reason that the value of the business, property and goodwill had been fixed by the parties in the contract, and that no other consideration than that fixed in the contract had been previously shown or attempted to be shown by appellants, and for the further reason that it varied the express terms of a written contract, which was admitted by appellants to be the contract entered into in which the price to be paid for the business, the property and the goodwill was fixed. In *Ryan v. Middlesborough Town-Lands Co.,* 106 Ky. 181, 52 S. W. 33, it was held that a plea of no consideration in an action upon a promissory note is inconsistent with an admission that the note was executed in part payment for a lot of land, though it is claimed that the land was of less value than the face of the note.

It affirmatively appears by the allegations in the amended answer, as well as from the testimony of witness Eby, that

the business, personal property, real estate and goodwill were sold to appellants not separately, but as a whole; and that being true, the trial court did not err in striking out the testimony of witness Eby.

Coming now to appellants' second assignment of error which involves the ruling of the court denying appellants' offer of certain proof. Upon an examination of the offer we find it stated therein that the appellants proposed to prove that they paid respondent $3,000 in cash at the date of the purchase of his business, property and goodwill, and that they executed the note sued upon as a consideration for the entire property, and that the goodwill of the business constituted a part of the consideration for the note and money paid. If the money was paid upon the entire consideration covering all the items as appellants stated in their offer, and the note was given as a part of the consideration of the entire purchase, and the real and personal property was of the value of $1,750 as they admitted in their pleadings, then the note was still supported by a very substantial consideration.

It is clear from an examination of the offer of evidence, that it was merely another attempt on the part of appellants to establish, under a plea of want of consideration, inadequacy of consideration. The pleadings and testimony of appellants establish a substantial consideration for the note, and that the purchase price for the business, the property and the goodwill was agreed upon between the parties in bulk; that no agreement had been made between the parties as to the value of any article separately; and that no misrepresentations existed with reference to the value of any article enumerated in the contract of sale. We conclude that there was no merit in appellants' offer of proof.

The third assignment is that the court erred in directing a verdict for respondent. The amended answer being insufficient as a denial of the allegations in the complaint and the evidence of respondent establishing the reasonableness of the attorney's fee, the trial court did not err in instructing the jury to bring in a verdict in favor of respondent. (*Holt v.*

*Spokane & R. Co.,* 4 Ida. 443, 40 Pac. 56; *Kuhland v. Sedgwick,* 17 Cal. 123.)

The judgment of the trial court is affirmed and costs awarded to respondent.

· Sullivan, C. J., and Morgan, J., concur.