(No. 5192. November 7, 1929.)

ALVIN HARBOUR, Respondent, v. E. L. TURNER, Appellant.

[282 Pac. 79.]

J. W. Porter, for Appellant.

Harry Benoit, for Respondent.

GIVENS, J.—Plaintiff brought this action to recover on a promissory note. Defendant admitted the execution of the note but plead a want of consideration. As a further affirmative defense, defendant alleged that in January, 1920,

he had entered into an agreement with Piowaty and Sons of Chicago, through their local agent, the plaintiff, to sell to the Chicago firm his entire crop of potatoes for that year at one dollar per hundredweight. He further alleged that in September of that year plaintiff, who was still acting as agent of Piowaty and Sons, secretly proposed that defendant dispose of a part of his crop to third parties in violation of his agreement at a price considerably in excess of the sum he would have received had he disposed of them to Piowaty and Sons. The note sued on was for $700. He claims to have given it in payment of plaintiff's share of the profits of this secret enterprise.

The answer, in substance, alleges a defense of want of consideration, and (2) an affirmative defense of illegal consideration. The affirmative defense sets forth facts which, if true, constitute an illegal consideration. (13 C. J. 415.) They are not facts which could be the basis of an allegation of want of consideration. Hence the two pleas must be taken as separate and not as mere supplements to each other.

Defendant introduced evidence to the effect that he had executed the note with the understanding that he would not have to pay it, and that it would not be negotiated, and that plaintiff wanted the note to strengthen his bank credit. This evidence was stricken on motion of plaintiff because it was not alleged or set up in the answer. This action of the court is assigned as error.

The allegation of want of consideration was broad enough to permit the introduction of this evidence. Hence the evidence should have been submitted to the jury unless the allegation was so inconsistent with some other allegation of the answer that the proof of one would necessarily disprove the other.

In the case of *Harshbarger v. Eby*, 28 Ida. 753, Ann. Cas. 1917C, 753, 156 Pac. 619, this court held that defenses of want of consideration and failure of consideration were inconsistent and that one of them should have been stricken or the defendant compelled to elect on which one he would stand. We believe the same conclusion should apply to the

pleading in the same answer of the defenses of want of consideration and illegal consideration.

In the present case plaintiff moved to strike both the affirmative defense of illegal consideration and the allegation of want of consideration. This motion, at least as to one of the defenses, should have been granted. (*Harshbarger v. Eby, supra.*) Hence defendant cannot complain of the action of the court in excluding evidence offered in support of the defense of want of consideration in view of the fact that evidence in support of the defense of illegal consideration was admitted and submitted to the jury.

Defendant's other assignments of error are based upon instructions given by the court that the burden of proving illegality of consideration in an action on a promissory note was on the defendant. These instructions were correct. (*First Nat. Bank of Blackfoot v. Doschades,* 47 Ida. 661, 279 Pac. 416; *Thom v. Stewart,* 162 Cal. 413, 122 Pac. 1069; see, also, 8 C. J. 994.)

Inasmuch as the only issues properly before the jury were those raised by the affirmative defense, the court correctly confined the instructions to these issues.

The judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.