[Sac. No. 2045.   Department Two.—March 13, 1914.]

## CHAS. G. LAMBERSON, Respondent, v. JOHN BASHORE et al., Appellants.

MORTGAGE—SUFFICIENCY OF EVIDENCE THAT CONVEYANCE WAS INTENDED AS SECURITY—REVIEW ON APPEAL.—While it is true that an instrument purporting to convey the title to real property may be shown to have been intended as a mortgage, clear and convincing proof of that fact must be shown to justify a court in so finding, and appellate courts are slow to disturb a finding either against or in favor of the theory that a mortgage has been shown to exist.

ID.—PURCHASE OF PROPERTY BY ATTORNEY FOR CLIENT—WHEN CONSTITUTES A TRUST, NOT A MORTGAGE.—Where the property of a client is sold under a trust-deed given by him to secure an indebtedness, and thereafter, at the client's request, his attorney purchases the property upon an agreement with the client that the client may repurchase it upon payment to the attorney of promissory notes and book accounts due from the client to him, the transaction constitutes a trust, not a mortgage, and the attorney may sue on the notes before the expiration of the time accorded the client in the agreement to repurchase.

PARTNERSHIP—WHETHER NAME SHOWS INDIVIDUALS CONSTITUTING FIRM. The firm name "Lamberson & Lamberson" sufficiently indicates the persons composing the partnership, and hence an assignee of such firm is not barred from suing on the assigned claim because of the failure of the members of the firm to file the certificate required by sections 2466 and 2468 of the Civil Code.

APPEAL from a judgment of the Superior Court of Tulare County.   J. A. Allen, Judge.

The facts are stated in the opinion of the court.

C. L. Russell, and H. Hawson, for Appellants.

Power & M'Fadzean, and James M. Burke, for Respondent.

MELVIN, J.—This is the appeal of defendants from a judgment against them.

Five causes of action were stated in the complaint, four based upon promissory notes signed by the defendants and the fifth upon an account stated between the parties for pro-

fessional services. The amount of the judgment was more than twelve thousand dollars with costs.

Various defenses of partial payment, the applicability of the statute of limitations and the like, were interposed, and there was a sharp conflict of testimony at the trial. The principal contention of appellants, however, is that in any view of the evidence and no matter what testimony the court accepted as truthful, the plaintiff was required not to sue upon the notes alone but to foreclose a mortgage growing out of a transaction wherein plaintiff took the legal title to certain real property which had belonged to the defendants but which a bank had sold in accordance with a deed of trust to pay certain indebtedness of the defendants to said bank. Around this contention centers the whole argument presented by the briefs of the counsel for appellants.

It appears from the testimony that the plaintiff was for many years the attorney and counselor for the defendants, representing them in many lawsuits and advising them with reference to various matters connected with their property interests. From time to time statements of account were agreed upon and the defendants (who are husband and wife) signed promissory notes for the amounts found to be due. During a part of the time Mr. Lamberson's son was his law partner and was one of the payees of some of these obligations but the senior member of the copartnership had acquired the entire interest in them before suit.

The evidence offered by plaintiff showed, and the court found, that in 1900 defendants had conveyed by a trust-deed a tract of eighty acres of land belonging to them to two trustees as security for certain indebtedness to the Sacramento bank. Being unable to meet this indebtedness when it became due the defendants suffered a sale of their interest to one G. W. Zartman who made a verbal agreement with the defendants that he would sell the land to them for the amount which he had paid for it plus the expenses which he might have incurred in the purchase and care of it. They became alarmed at certain threats which Zartman made to the effect that he would sell the property to another purchaser without regard to his verbal promises to hold it for them. Accordingly they appealed to Mr. Lamberson, who agreed to purchase, and did purchase the land from Zartman for two

thousand five hundred dollars, and gave them a writing whereby they might repurchase it. The agreement was in the following terms:

"Know All Men by these Presents: That I hereby agree to sell to John Bashore at any time within five years from date hereof all that certain property situated in the county of Tulare, state of California, and described as the east half of the north west quarter of section 15, township 19 south, of range 24 east, Mt. Diablo base and meridian, upon payment to me by said John Bashore of all amounts which may be due to me at such time from said John Bashore upon book accounts or promissory notes and upon receiving such payment in full of all such book accounts or promissory notes, I agree to transfer said property to said John Bashore free and clear of all encumbrances done or suffered by me.

"I also agree that said John Bashore shall have the possession and use of said real property during the time this contract remains in force and shall pay as a rental therefor, all state, county and district taxes of every kind which may be levied or assessed against said property.

"Dated, January 4th, 1907.

"(Signed)   CHAS. G. LAMBERSON."

It was the contention of defendants that Zartman had bought the property with money advanced by them, but the court found, among other things, that "said Zartman did not buy or pay for said land at the time he purchased it, with any money of said defendants, or of either of them, but on the contrary, he advanced and paid all of the purchase price of said land, except the sum of $300, out of his own funds; that said $300 was obtained by said defendants from said plaintiff to assist said Zartman in making the purchase of said land, and said Zartman afterward paid back the same to defendants, but said defendants have never repaid said sum of $300, or any part thereof to said plaintiff." There was due from defendants to plaintiff at that time, in addition to other sums for which notes had been given, eight hundred dollars not evidenced by any note, and defendants accordingly executed a note for three thousand three hundred dollars payable to plaintiff. The court found that the deed from the Bank of Sacramento and its trustees to Zartman conveyed the legal title and constituted a deed of trust and not a mortgage; that

the deed from Zartman to the plaintiff was likewise a deed of trust and not a mortgage; and that plaintiff was the owner and holder of the property and the legal title thereto, but a trustee nevertheless, for said John Bashore and to secure to plaintiff the payment of the sums of money found to be due and unpaid from the defendants to him. The court gave judgment for the full amount of all of the notes.

Appellants insist that the transaction constituted a mortgage and that plaintiff may not seek to realize upon any of the notes until they shall have failed to purchase under the terms of the agreement given them by plaintiff by which they were given five years within which to redeem their land. This contention cannot be sustained. It has long been the established law in California that a deed absolute upon its face may be treated by the court, as a mortgage, but this is not such a case. This is not a case of the hypothecating of property to which one holds title by way of security for a debt. It differs in its facts materially from such cases as *People* v. *Irwin,* 14 Cal. 433, *Hickox* v. *Lowe,* 10 Cal. 206, and others, in which the transactions involved were declared by the court to be mortgages. This case more resembles *Woodward* v. *Hannegan,* 128 Cal. 295, [60 Pac. 769]. In that case the money had been advanced by plaintiff's testate to purchase land for the defendant, the title being taken by the lender. The court held (following *Campbell* v. *Freeman,* 99 Cal. 547, [34 Pac. 113]) that a resulting trust arose in favor of the person to whom the land was conveyed. The defendant has a right to a conveyance only upon complying with the terms of his contract of purchase. The same principle is asserted in *Vance* v. *Anderson,* 113 Cal. 537, [45 Pac. 816]; *Windt* v. *Covert,* 152 Cal. 351, [93 Pac. 67]; *Brown* v. *Spencer,* 163 Cal. 591, [126 Pac. 493]. While it is true that an instrument purporting to convey the title to real property may be shown to have been intended as a mortgage, clear and convincing proof of that fact must be shown to justify a court in so finding, and appellate courts are slow to disturb a finding either against or in favor of the theory that a mortgage has been shown to exist. (*Beckman* v. *Waters,* 161 Cal. 584, [119 Pac. 922].)

The defendants made no tender in court or at all under their right to demand a conveyance of the legal title to the

property. Their principal purpose apparently in seeking to require the plaintiff to await the maturity of their option to purchase before beginning his action and then proceeding only by way of foreclosure is to permit time for the operation in their favor of the statute of limitations upon some of the claims evidenced by their notes. Equity should not aid them in such a matter. The court should not have entered a judgment, however, giving the plaintiff the full amount of the demand evidenced by the face of the note and making no allowance for the maturity of the option which would give Mr. Lamberson complete title to the land relieved of the trust. This would give him the property and a judgment for the purchase price besides. As the time allowed by the writing of January 4, 1907, for the payment of the indebtedness of defendants to plaintiff and the taking of a deed from him to them had passed before the case was actually tried and as the evidence shows that the defendants failed to accept the offer of performance made by plaintiff in open court, a just result may be reached by a reduction of the judgment in the sum of $2500 (the amount which plaintiff paid for the land) and interest for that amount from the date of the note for $3300.

There is no merit in the contention that there could be no suit by the assignee of the firm of Lamberson & Lamberson because the members of that copartnership had failed to sign and acknowledge the certificate required by sections 2466 and 2468 of the Civil Code. (*Pendleton* v. *Cline,* 85 Cal. 143, [24 Pac. 659] ; *Carlock* v. *Cagnacci,* 88 Cal. 601, [26 Pac. 597] ; *Trudel* v. *Butori,* 19 Cal. App. 585, [127 Pac. 76].) The case of *North* v. *Moore,* 135 Cal. 622, [67 Pac. 1037], is not in opposition to the other authorities cited above. From the designation "Abrams Bros." it would be impossible to determine how many persons were in the firm. But "Lamberson & Lamberson" indicates that two persons of that name are engaged in business together.

Appellants call our attention to the confidential relations existing between themselves and the plaintiff as their attorney. The court found that although the defendants frequently consulted plaintiff and acted upon his advice, nevertheless they "relied solely and entirely upon their own judgment as to the course to be pursued with reference to all such suits and matters, after they had learned from plaintiff his views and taken

his opinion with reference to the legal rights of said defendants, touching the matters concerning which they asked of plaintiff his advice." It was also found that "said plaintiff, in all his dealings with said defendants, and particularly the dealings involved in this action, acted fairly, honestly and for the advantage, benefit and best interests of said defendants, and he did not exercise or attempt to exercise complete, or any dominion, domination or control over said defendants, or either of them in any matters relating to any litigation affecting them, or at all." There was evidence tending to support these findings and we cannot say that the court erred in making them.

No other alleged errors require attention.

Let the judgment be amended by striking out two thousand five hundred dollars and interest as indicated above. In all other respects it is affirmed as rendered.

Henshaw, J., and Lorigan, J., concurred.