[L. A. No. 9446. Department Two.—June 12, 1928.]

FLOYD FLORA et al., Copartners, etc., Respondents, v. ROBERT HANKINS et al., Defendants; SARAH HOLZBERG, Appellant.

Shapiro & Shapiro for Appellant.

Glen Behymer for Respondents.

RICHARDS, J.—This action is one for the foreclosure of a mechanic's lien upon certain real property in the county of Los Angeles, the plaintiffs and lien claimants therein being copartners doing business under the firm name of Flora & Mahedy. In the month of December, 1923, the defendant and appellant, Sarah Holzberg, being the owner of said real estate, rented the same to her co-defendant Robert Hankins upon a month to month tenancy. In February, 1924, Hankins, having entered into possession of the premises under such tenancy, made a contract with the plaintiffs for the erection thereon of a one-story brick building for use as a garage, and which, by the terms of said contract, was to be constructed and completed between said date and the 15th of March, 1924. The plaintiffs having performed said contract and the defendant Hankins having paid only a portion of the contract price, the plaintiffs filed a contractor's lien for the balance thereof, and within the time required by law commenced this action for the foreclosure of said lien. The trial court gave its judgment in the plaintiffs' favor for the recovery of the sum of $1,140.75, with interest and costs, against the defendant Hankins and for foreclosure of said lien as against the property of the defendant and appellant Holzberg. The latter appeals from the judgment and urges as her first point upon the appeal that the plaintiffs are not entitled to maintain the action, for the reason that being a copartnership and doing business as such under the name of Flora & Mahedy, which the appellant alleges to be a fictitious name, the plaintiffs not having been shown to have filed or published the certificate of partnership provided for under sections 2466 and 2468 of the Civil Code, they have no capacity to sue. The answer to this contention is that the plaintiffs are not doing

business under a fictitious name, since it appears that the name under which they are doing business as co-partners contains the names of both and all of the members of the partnership, and it has been long held by this court that such a partnership designation is not fictitious so as to require compliance with the aforesaid sections of the Civil Code. (*Pendleton* v. *Cline,* 85 Cal. 142, 144 [24 Pac. 659] ; *Carlock* v. *Cagnacci,* 88 Cal. 600 [26 Pac. 597].)

The next contention of the appellant is that the evidence is insufficient to show that she, as the owner of the property to be subjected to said lien, had sufficient knowledge of the fact that said building was in the course of construction upon her said premises so as to have been required to give the notice of nonliability required by section 1192 of the Code of Civil Procedure. Upon this point the evidence is in substantial conflict, and the trial court resolved such conflict in the plaintiffs' favor. The only notice which the appellant claims to have given to the plaintiffs was that of personal oral notice to the effect that she would not be responsible for any work done by them upon the building in question. Such notice is clearly insufficient under the express terms of the aforesaid section of the Code of Civil Procedure. (*Pasqualetti* v. *Hillson,* 43 Cal. App. 718 [185 Pac. 693] ; *Pacific Sash & Door Co.* v. *Bumiller,* 162 Cal. 664 [41 L. R. A. (N. S.) 296, 124 Pac. 230].)

The only other contention made by the appellant is that the claimed lien was not sufficiently specific in the matter of its compliance with section 1187 of the Code of Civil Procedure to entitle the plaintiffs to their claim of lien. The only basis for this contention seems to be that of a variance between the name of the contracting tenant as it appears in the builder's contract and as it is given in the plaintiffs' claim of lien. In the former the name of the tenant is given as "Robert Hankines," while in the latter it appears as "Robert Hankins." It requires no citation of authority, however, to uphold the view that the rule of *idem sonans* applies to such a case.

The judgment is affirmed.

Shenk, J., and Tyler, J., *pro tem.,* concurred.