[Civ. No. 3656.   Third Appellate District.—December 18, 1928.]

HERBERT E. GAUGER, Appellant, v. ED WESTBERG, Respondent.

Page, Nolan, Rohe & Hurt, Page, Nolan, Rohe & Freston and Barstow & King for Appellant.

John F. Poole, Julius V. Patrosso and Earle M. Daniels for Respondent.

PLUMMER, J.—Action by plaintiff to recover damages by reason of failure and refusal of the defendant to enter into a contract for the doing of certain plastering on a certain building being erected by the plaintiff according to the bid for doing such work presented by the defendant to the plaintiff. The defendant had judgment and the plaintiff appeals.

The record shows that on or about June 29, 1923, the appellant Herbert E. Gauger, a building contractor, having requested bids for plastering work on a certain building called the California Christian College Dormitory, then being erected by the appellant, received a bid from the defendant for doing such work. The complaint alleges the calling for bids; the receiving of bids; that the defendant's bid was the lowest responsible bid received, was accepted by the plaintiff, and the refusal thereafter of the defendant to enter into the

576

contract. The bid received from the defendant Ed Westberg was addressed to the Gauger Construction Company, but was delivered to and received by the plaintiff Herbert E. Gauger. At the time of receiving the bid, the plaintiff Herbert E. Gauger and one David S. Lockwood were copartners doing business under the name of Herbert E. Gauger and David S. Lockwood. The record also shows that at one time Herbert E. Gauger transacted business under the name of Gauger Construction Company. The record further shows that the claim upon which the action is based was assigned to the plaintiff by the copartnership. At the trial of the action the plaintiff proposed to show by testimony that the defendant was familiar with the names and personnel of the partnership, that is, that he was acquainted with and knew both Herbert E. Gauger and David S. Lockwood; that the defendant had done business with the partnership on previous occasions and sometimes addressed the partnership by the name of Gauger and Lockwood, and sometimes as the Gauger Construction Company. The court refused to admit this testimony, and also held that the partnership must have complied with the law relating to fictitious names, before the action could be maintained. The findings are also to the effect that at the time of receiving the bid the plaintiff and David S. Lockwood were operating and doing business under the fictitious name and style of Gauger Construction Company, and that the Gauger Construction Company had never filed a certificate as provided by sections 2466 and 2468 of the Civil Code. The findings to which the appellant takes exception are as follows: " . . . that it is not true that said bid was the lowest responsible bid for said work, and it is not true that plaintiff or the Gauger Construction Company notified the defendant of its acceptance and reliance upon said bid of defendant, and it is not true that plaintiff entered into and signed a contract with said trustees for the erection and completion of said dormitory; that it is not true that said bid thus submitted and accepted was for the amount of $15,900.00. That plaintiff at the time of the receiving of said bid from the defendant was in partnership with one David S. Lockwood, operating and doing business under the fictitious name and style of Gauger Construction Co., in the City of Los Angeles, California; that Gauger Construction Co. had never filed a certificate of doing business

under the fictitious name and style, with the county clerk of Los Angeles County, nor caused publication of said certificate as provided in sections 2466 and 2468 of the Civil Code of the state of California; that the said David S. Lockwood assigned all his right, title and interest in and to said contract and offer of the defendant to the plaintiff herein. That plaintiff herein has no legal capacity to sue or maintain this action, nor has the plaintiff's partner, David S. Lockwood, the assignor to plaintiff, the right to enforce or maintain this action; that said bid of the defendant was made to the Gauger Construction Co., which was a fictitious partnership composed of the plaintiff and David S. Lockwood, operating and doing business in the city and county of Los Angeles, State of California, and that neither said partners, nor the said Gauger Construction Co. has ever filed the certificate of fictitious name with the county clerk of Los Angeles County, nor caused the publication thereof, pursuant to the provisions as contained in sections 2466 and 2468 of the Civil Code of the State of California.'' There is absolutely no testimony in the record that Herbert E. Gauger and David S. Lockwood, at the time of receiving the bid from the defendant, were operating or doing business under the name of the Gauger Construction Company. The only testimony in the record on that subject is that they were not so doing business.

The following questions and answers, statements of court and counsel illustrate the error under which the trial court was laboring in this case (question of the plaintiff by Mr. Daniels, counsel for defendant): ''Q. Mr. Gauger, at the time, June 29, 1923, the date of the bid that has just been handed me, you were a copartnership? A. Yes. Q. Who was your partner? A. David S. Lockwood. Q. Well, at the time when this bid was received you were doing business as the Gauger Construction Company, you and Lockwood? A. No, sir. Q. Who were the members of the company? A. There was no Gauger Construction Company at that time, doing business at all. The Court: Do you contend that at this date, June 29, Lockwood and the plaintiff were doing business under any particular name? Mr. King of counsel for the plaintiff: No, I don't think so. The Court: They must have been doing business under some name, and that name would have to be registered. Mr. King: They

were doing business under the name of Herbert E. Gauger and David S. Lockwood at that time, and the defendant knew it. Mr. Daniels, counsel for the defendant: That is a fictitious name. The Court: The partnership must be a fictitious name. Mr. King, counsel for plaintiff: Not if they were under real names. There are two names. There is nothing fictitious about it. The Court: It is a fictitious name (pardon me), for this reason, that there is no human being of that name. If your name is Herbert E. Gauger, you can do business under that name; you do not have to comply with the statute, but if Herbert E. Gauger and Mary Gauger want to do business as Herbert E. Gauger and Mary Gauger, that is the name of no human being; it is a fictitious name for the purpose of their going into business. Mr. King, counsel for plaintiff: I do not understand that two people could not do business under their own names together. As I understand the decisions, it must be a name which is different from their true names in order to come within the section. The Court: Let's get an understanding between court and counsel. You offer to show, as I understand it from what you have said previously, that the defendant Westberg, in presenting this bid to Herbert E. Gauger and David Lockwood, were doing business at that time as Herbert E. Gauger and David Lockwood? A. Mr. Barstow, of counsel for plaintiff: Yes, sir. The Court: And it is a partnership? Mr. Barstow: Yes, sir. The Court: That the defendant was and had been dealing with said Herbert E. Gauger and David S. Lockwood under that name and title for some time? Mr. Barstow: Yes, sir. The Court: And that name and title of Herbert E. Gauger and David S. Lockwood had not been filed as a fictitious name? Mr. Barstow: Your Honor, that is correct. The Court: Then if I let you go ahead and show all that, you will land, in my judgment, just where you are right now, because I would exclude the testimony then. I would hold as I have indicated before, and I will say it again, I will hold that where two people join themselves together as partners doing business as Herbert E. Gauger and David S. Lockwood, that being the names of the two persons, that they have to comply with the fictitious name law in order to maintain an action in that name.''

The testimony relative to the presentation of bids and the manner of addressing the bids by the defendant

Westberg was excluded, and the court, without any testimony whatever to support the finding, held that the plaintiff and David S. Lockwood were doing business under the title of Gauger Construction Company, although the theory of the court at the time of the trial, as indicated by the foregoing, was that they were doing business as a copartnership under the name of Herbert E. Gauger and David S. Lockwood, and certificate would have to be filed. There being no testimony to support the finding that business was being done under the name of Gauger Construction Company, by the appellant and his partner, David S. Lockwood, at the time of calling for bids and at the time of the presentation and acceptance of the defendant's bid, the judgment of the court would have to be reversed for that reason, but as the cause must go back for retrial, we cite the cases of *Pendleton* v. *Cline*, 85 Cal. 142 [24 Pac. 659], and *Lamberson* v. *Bayshore*, 167 Cal. 387 [139 Pac. 817], which established the law in this state that where partners do business under their true names, certificates do not have to be filed, by anything contained in sections 2466 and 2468 of the Civil Code. In the last case cited the partners were doing business under the name of Lamberson & Lamberson. In the first case cited the partners were doing business under the name of Pendleton & Williams, one partner being C. W. Pendleton and the other W. J. Williams. These cases show clearly that the trial court was in error relative to the filing of a certificate, when the true names of the persons are disclosed, and it is therefore in error in excluding the testimony relative to the manner in which Westberg addressed his bid. We may further state that the address was no part of the bid, and testimony relative thereto and the manner in which Westberg had previously addressed his bids would not have been testimony varying the terms of a written contract.

For the reasons herein stated the judgment is reversed.

Shields, J., *pro tem.*, and Hart, Acting P. J., concurred.