(No. 5313.   March 4, 1930.)

A. A. JOHNSTON, Appellant, v. JAMES O. ELLIS, Respondent, and E. P. BENNETT, Defendant.

A. A. JOHNSTON, Appellant, v. JAMES O. ELLIS, Respondent, and JAMES TEMPLE and A. E. STILL-WELL, Defendants.

[285 Pac. 1015.]

(1)

J. B. Eldridge and Clarence T. Ward, for Appellant.

4

E. H. Richard and J. P. Pope, for Respondent.

VARIAN, J.—Plaintiff brought two suits to foreclose pledges of personal property consisting of $54,500, par value, of the bonds of Drainage District No. 3 of Ada county.

In the second suit (No. 11384) defendant Ellis ·filed a cross-complaint against his co-defendants and plaintiff, alleging that the three defendants were copartners in the transaction set out in the second amended complaint; that they were no longer continuing the partnership business; that no accounting had been had between the parties, setting up facts showing a necessity therefor, and praying for an accounting, the sale of partnership property, payment of the debts and liabilities, and that the surplus, if any,

be divided, etc. Plaintiff answered, denying certain facts relating to credits claimed by Ellis, and prayed that the action for accounting abate, but, if granted, that plaintiff be allowed a certain offset hereinafter referred to. Defendant Bennett in the first suit (No. 11383), and defendants Temple and Stillwell in the second suit (No. 11384), defaulted. The cases were consolidated and tried together upon the second amended complaints and answers thereto in each suit, and the amended cross-complaint and answer thereto in the second suit (No. 11384).

Two hearings were had. After the first hearing, the status of the parties was determined and foreclosure of the pledges decreed and sale of the bonds ordered, the court reserving jurisdiction and staying the sale pending a further hearing in the nature of a·partnership accounting, after which final decree was entered July 25, 1928. Plaintiff appeals.

The facts, as found by the court, deemed material here, are as follows: On or about September 15, 1924, defendants Temple, Ellis and Stillwell formed a copartnership, sharing profits and losses alike, for the purpose of doing business as contractors, but principally to enter into and perform a contract with Drainage District No. 3 of Ada county, for the construction of its drainage system. Said contract was entered into for the partnership by defendant Ellis on October 1, 1924, by which the district agreed to pay $54,500 in its coupon bonds, of the aggregate par value of that sum. On December 9, 1925, the three partners, for the members thereof, executed and delivered to plaintiff their certain promissory notes for $20,000, $5,000 and $4,167.35, respectively, payable one year after date, with interest at the rate of ten per cent per annum. The last-mentioned note had been paid prior to the commencement of this suit, and is not included therein. These notes represent moneys advanced to the partners by plaintiff from time to time in the progress of constructing said drainage system, which was completed about May 1, 1925, and, as they received bonds in payment therefor, the part-

nership pledged the same to plaintiff to secure said indebtedness, so that, at the time of trial, plaintiff held in pledge, to secure payment of said indebtedness, $54,500, par value, of said drainage district bonds. At that time these bonds constituted the only assets of the partnership. After completion of the contract with the drainage district, on or about October 27, 1926, defendants Temple and Stillwell each sold their interests in said bonds, held as collateral security as aforesaid, to the plaintiff in payment of two-thirds of the said partnership indebtedness due the plaintiff at that time, and an additional money consideration. After deducting payments made on account and two-thirds of said indebtedness, principal and interest, due at that date, the partnership was indebted to plaintiff in a balance of $7,843.95, drawing interest at ten per cent per annum after October 27, 1926. On August 3, 1925, plaintiff paid for defendant Ellis the sum of $2,393.19, at his request, upon the agreement that his interest in said bonds should be held by plaintiff as security for the payment of said sum and interest. At the date of decree there was due plaintiff from defendant Ellis $2,790.07, which the court decreed to be a lien upon Ellis' interest in said bonds, subject to a partnership accounting and settlement, but inferior to plaintiff's lien thereon for the partnership obligations. The court further found, after the first hearing, that during the progress of the work on said drainage system, each partner drew moneys from the partnership assets, and that Ellis made advancements, both undetermined, and that no accounting or settlement had been made by the partners; that the bonds constitute the only partnership assets, and have not been divided among the partners; that defendant Ellis did not consent to said sale of his partners' interest in said bonds, and did not waive any right or interest as a partner in said bonds; that the payment of two-thirds of the partnership indebtedness by Temple and Stillwell, as aforesaid, did not release any of the partners, nor the balance of the partnership indebtedness.

Later, having had the accounting, the court made further findings, to the effect that there was then due plaintiff from defendants, including attorneys' fees and costs, after deducting all credits, the sum of $3,721.84; that defendant Ellis advanced to the partnership $4,377.72; that defendants Temple and Stillwell, by transfer of their interest in said bonds in payment of two-thirds of the partnership indebtedness, advanced $15,687.90 to the partnership; that defendant Ellis withdrew from the funds of the partnership $946.16, defendant Temple withdrew $1,586.10, and defendant Stillwell withdrew $1,100. The court further found that the par value of said bonds, with accrued interest, on that date was $55,880.32, and after accounting for the various withdrawals and advancements by the several partners, the court found defendant Ellis entitled to $12,466.46, and plaintiff to $43,413.86, of the value of said bonds. In computing said amounts, the court disallowed interest on both withdrawals and advancements by the partners. Pursuant to stipulation of counsel, to facilitate a division, the court decreed that plaintiff deliver certain described bonds, aggregating the face value of $12,000, to defendant Ellis, and that the latter have judgment against the plaintiff for $466.46.

The first nine assignments of error are based upon the wrong hypothesis that the sale to plaintiff by Temple and Stillwell transferred to plaintiff the ownership in two-thirds of the bonds held by him as collateral security. The bonds being partnership property, each partner was co-owner thereof with the others, holding as tenants in partnership. (C. S., sec. 5837.) The rights of Temple and Stillwell in the partnership property were "not assignable except in connection with the assignment of the rights" of Ellis therein. (C. S., sec. 5837, subd. 2, b.) The sale of their interests in these bonds was not an act in the usual way in carrying on the partnership business, and therefore Stillwell and Temple alone could not bind the partnership by their sale to plaintiff (C. S., sec. 5821) in the absence of specific concurrence therein by Ellis.

As held by the trial court, the facts here show that the transaction amounted to a sale of the partnership interests of Temple and Stillwell, which were their shares of the profits and surplus. (C. S., sec. 5838.) This did not make plaintiff a partner in the firm of Temple, Ellis & Stillwell, and did not of itself dissolve the partnership or entitle Johnston to interfere in the partnership business or affairs. (C. S., sec. 5839.) It only gave him the right to the shares of the profits, if any, to which Temple and Stillwell would otherwise have been entitled, and their shares in the proceeds of these bonds after the affairs of the partnership were settled, i. e., after an accounting between the partners, since the firm was no longer doing business. (See *Hazen v. Warwick,* 256 Mass. 302, 152 N. E. 342.) The same rule seems to have been adhered to in states where the Uniform Partnership Act is not in force. (*Jones v. Way,* 78 Kan. 535, 97 Pac. 437, 18 L. R. A., N. S., 1180.)

The tenth assignment of error is to the effect that the court erred in holding that defendant Ellis "did not waive all rights to claim any interest in and to the bonds purchased from Temple and Stillwell by plaintiff Johnston." As has been said, neither Temple nor Stillwell "owned" any of these bonds. They belonged to the copartnership, and the title to them could only have been transferred by the partnership. It is not contended that Temple and Stillwell, in attempting to sell "their bonds," were acting on behalf of the copartnership. The evidence fully supports the trial court's holding in this regard. The court's finding that defendant Ellis did not waive any rights or interest as a partner in said bonds, sufficiently covers any issue of estoppel raised by the pleadings.

Error is assigned because the court held, on the application of defendant Ellis, that an accounting was proper. The partnership business ceased about May 1, 1925. Ellis was entitled to reimbursement for his advances, and to share in the partnership profits. (C. S., sec. 5830.) The parties not having agreed upon a dissolution or had an accounting, the circumstances fully warranted the court

in granting this relief under C. S., sec. 5834. Having obtained jurisdiction of the parties and the sole assets of the copartnership (the pledged bonds) in the equitable foreclosure suit, it was proper for the court to grant an accounting, it likewise being necessary in order that the rights of the plaintiff in the bonds might be completely determined. (See 1 C. J., p. 616.)

Appellant insists that there is no competent evidence to support the findings on the accounting. Defendant Ellis introduced exhibits A–1 and A–2, being tabulations of items showing dates and amounts, the first showing the withdrawals made from the partnership funds by each partner, and the second showing the amounts of advancements made by defendant Ellis. The record shows they were admitted "as showing the facts and figures contained therein, bearing upon the accounting," subject to the following objections: That no evidence has been offered of the filing of any certificate setting forth the names of the members of the partnership, as required by Sess. Laws 1921, chap. 212; that the same is incompetent and immaterial; and further, as to exhibit A–2, that under the statute Ellis is not entitled to any interest on advancements until the amounts have been ascertained, etc. It is contended that these tabulations are not books of original entry, and therefore not admissible, the items having not been proven. It appears from the record that appellant admitted the correctness of the several items of these tabulations. These exhibits were admissible, not as primary evidence, or, strictly speaking, not as evidence at all, but for the convenience of the court in determining the aggregate amounts of withdrawals and advancements. (*State v. O'Neil*, 24 Ida. 582, 135 Pac. 60; *City of Hoboken v. Greenberg*, 2 N. J. Misc. Rep. 505 (aff. 101 N. J. L. 403–408), 128 Atl. 266; *State v. Brady*, 100 Iowa, 191, 62 Am. St. 560, 69 N. W. 290, 36 L. R. A. 693; *Jordan v. Warner's Estate*, 107 Wis. 539, 83 N. W. 946.)

Plaintiff alleged in his second amended complaint in the second suit (No. 11384) that at all times therein men-

tioned defendants, as particularly specified, were copartners doing business as contractors under the firm name and style of Temple, Ellis & Stillwell; that said partners, acting through Ellis, on or about October 1, 1924, entered into an agreement with Drainage District No. 3 of Ada county, for the construction of drainage works, for which they were to receive $54,500 par value, of bonds of said drainage district, bearing date October 1, 1924; that the construction was begun about said date; that plaintiff contracted in parol with said partnership to furnish funds for carrying on said work, and said bonds, in the aggregate $54,500, par value, from time to time, as rapidly as delivered to the partnership, would be deposited as security for the payment for advances so made by plaintiff; that said partnership deposited $54,500, par value, of said bonds in pledge to secure the payment of the two notes sued on in this suit, and a third note heretofore paid, each dated December 9, 1925; that on or about April 27, 1925, Ellis formed a partnership with one Bennett for constructing certain works elsewhere.

Plaintiff's answer to the amended cross-complaint of defendant Ellis praying for a partnership accounting, admitted that the contract with Drainage District No. 3 was completed on or about May 1, 1925, and that no further partnership business, other than towards winding up its affairs, was transacted thereafter. As a further defense, plaintiff in effect alleged that one E. P. Bennett, engineer for said drainage district, was interested in the drainage contract; that by agreement he was to receive a portion of the profits derived therefrom; that said agreement was fraudulent and in violation of public policy, and was not known to plaintiff when he advanced moneys for construction work, nor until "a very recent date"; that moneys advanced by him for construction of said drainage works were jeopardized; that on completion of said drainage works, when the three partners were accused of being in partnership with Bennett by a drainage district commissioner,

Ellis and Temple remained silent; that Ellis was obligated to pay all the debts and liabilities of the partnership; and that Temple, Ellis and Stillwell had failed to file the certificate required by Sess. Laws 1921, chap. 212, with the county recorder, and thereby perpetrated a fraud upon plaintiff as a creditor. The court struck all of the affirmative defense as being immaterial and not relating to the issues, which is assigned as error.

Aside from the allegations relative to failure to file the partnership certificate, which will be adverted to later, the court did not err in granting the motion to strike. The matters pleaded all took place prior to plaintiff's acquisition of any interest in or lien against the bonds, and it does not appear in what manner plaintiff's rights were adversely affected by the matters pleaded. The allegations of the further defense concerning the partnership status are at variance with the admissions of his answer to the amended cross-complaint and the allegations of the second amended complaint. (*Harshbarger v. Eby*, 28 Ida. 753, 156 Pac. 619; *Wilson v. Oil Well Supply Co.*, 111 Okl. 63, 238 Pac. 415.) The allegations to the effect that Ellis was liable to pay all the partnership debts amount to conclusions, and are not in consonance with the other allegations of the pleadings.

As to failure to comply with the requirements of chap. 212, Sess. Laws 1921, sec. 1 of the act provides that no person or persons shall carry on business in this state under an assumed or fictitious name, "or under any designation, name or style, partnership, or otherwise, other than the true and real name or names of the person or persons conducting" said business, unless such person or persons file in the office of the county recorder a certificate designating the name or style under which the business is conducted, and the "true or real full name or names" of the parties, etc.

Section 2 provides that persons then conducting, or who may thereafter conduct, any business under an "assumed or fictitious name, or under any designation, name or style other

than the true and real full name or names of all the parties having an interest therein, shall file a certificate as provided for in section 1," etc.

Section 4 of the act provides that it shall not apply to corporations, nor "be deemed or construed to prevent the lawful use of a partnership designation, name or style; *provided,* that such partnership designation, name, or style shall include the true and real name or names of all the parties conducting such business or having an interest therein."

Violation of the act is made a misdemeanor, and failure to file the certificate required is declared *prima facie* evidence of fraud, and no action can be maintained in the courts of this state without alleging and proving the filing of such certificate.

The cross-complaint is in the nature of an action for an accounting. Plaintiff, being the successor in interest of two of the partners, represents their interests.

Section 4, *supra,* refers only to the "real" and "true" names of the parties. It does not require their "full" names to appear in the firm name. Under similar statutes, in actions for accounting between partners, the prohibition against maintaining any action until the filing of the required certificate has been held not to apply. (*Price v. Edwards,* 178 N. C. 493, 101 S. E. 33. See *Ryan v. Hardy,* 26 Hun (N. Y.), 176, and also *Barton v. Thompson's Estate,* 225 Mich. 40, 195 N. W. 682.) It is likewise well settled, under such statutes, that where the partnership name consists of the true surnames of each of the partners, without disclosing their initials or Christian names, and joined by "&" or "and," it is not an assumed or fictitious name, or a designation not showing the true and real names of the persons conducting the business, and therefore not within the statute. (See note, 45 A. L. R. 258; *Bowman v. Harrison,* 59 Wash. 56, 109 Pac. 192; *Lamberson v. Bashore,* 167 Cal. 387, 139 Pac. 817; *Flora v. Hankins,* 204 Cal. 351, 268 Pac. 331; *Gauger v. Westberg,* 95 Cal. App. 575, 272

Pac. 1108; *Bovee v. De Jong,* 22 S. D. 163, 116 N. W. 83; *Smith v. Stubbs,* 16 Colo. App. 130, 63 Pac. 955; *Walker v. Stimmel,* 15 N. D. 484, 107 N. W. 1081; *Mangan v. Schuylkill County,* 273 Pa. 310, 116 Atl. 920. See, also, *Johnson v. City of Prineville,* 100 Or. 105, 196 Pac. 817.)

Conceding that the primary purpose of the act under consideration is to protect persons extending credit to partnerships (*Gallafent v. Tucker,* 48 Ida. 240, 281 Pac. 375), the pleadings (and record) here show that at the times plaintiff was dealing with Temple, Ellis, and Stillwell, they were in truth and in fact a copartnership, and that plaintiff knew the true, full name of each member thereof. He was therefore not deceived or misled to his disadvantage, and no fraud upon him was attempted by the failure to file the partnership certificate mentioned in the statute. (See *Kusnetzky v. Security Ins. Co.,* 313 Mo. 143, 45 A. L. R. 189, 281 S. W. 47.)

In settling the accounts of the partners, the court followed the rules laid down in C. S., sec. 5852 (sec. 40 of the Uniform Partnership Act), and also decreed that the bonds, not being susceptible of exact division, be sold and the proceeds divided in accordance with the decree. To save costs, it was stipulated by the parties, among other things, that the final decree might divide the bonds as nearly as possible, according to the respective interests therein of the parties, making up the difference in cash between the amount of bonds delivered and the interest in the bonds of either party. Accordingly, the court entered judgment that plaintiff deliver to defendant Ellis $12,000, par value, of certain enumerated bonds, and that he have judgment for the difference ($466.46) between that amount and the sum due him. We approve this action of the court, as well as the method followed by him in the accounting.

At the trial, plaintiff strenuously contended that no interest should be allowed upon the advancements made by Ellis, at the same time contending that he was entitled to interest on two-thirds of the bonds, or, treating the amount

applied on the partnership debts as an advancement, interest on that sum. This position is clearly inconsistent. The court followed plaintiff's contention, and allowed no interest to Ellis on his advancements, and consistently allowed no interest on the advancements made by Temple and Stillwell.

The court was right in holding that the amount paid on the firm indebtedness at the time the partnership interests of Temple and Stillwell were purchased by plaintiff was an advancement by the latter as partners. We think that under the provisions of C. S., sec. 5830, subd. 3 (Uniform Partnership Act, sec. 18), plaintiff was entitled, as successor in interest of Temple and Stillwell, to interest at the statutory rate on $15,687.90, from October 27, 1926, the date of the advancement, to July 14, 1928, the date of final decree. Defendant Ellis was likewise entitled to like interest upon the advancements made by him from date thereof until July 14, 1928. The matter is subject to computation, from which it appears that, by reason of the allowance of the interest as aforesaid, defendant Ellis should recover the sum of $426.88, instead of $466.46. The cause is therefore remanded to the trial court with instructions that, in the event each party files his consent thereto in writing with the clerk of the third judicial district court for Ada county, within ten days after the coming down of the *remittitur* herein, he enter judgment as of July 14, 1928, for delivery of $12,000, par value, of the bonds enumerated in the decree, and for said sum of $426.88, in favor of defendant Ellis and against the plaintiff, and that said judgment, as so modified, be affirmed. In case the parties do not accept such modification, that portion of the judgment awarding defendant Ellis judgment for the sum of $466.46 is vacated and set aside, and the cause remanded with directions to compute and find the amount of cash due defendant Ellis from plaintiff, and enter judgment, as of the date of July 14, 1928, for the amount found and delivery of $12,000, par value, of said bonds as enumerated in said decree; that

no further hearing be had herein. Each party to pay his own costs.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.