THE WEST MICHIGAN LUMBER COMPANY v. JAMES DEAN.

*Taxes—Annexation of warrant to original roll—Replevin.*

1. The liability of a party assessed to pay taxes, under the tax law of 1885, became fixed when the tax was extended upon the original *assessment* roll.

2. A supervisor attached a certificate to the original, equalized *assessment* roll, certifying that "the foregoing and annexed tax roll is a true copy of the assessment roll," etc., to which assessment roll he annexed the usual warrant, which was regular upon its face, and delivered it to the treasurer of the township, who seized certain property to satisfy a tax assessed thereon, which was replevied by the owner against whom such tax was

assessed, who made no other objection to the validity of the taxes or to their attempted collection, and it is held that the warrant conferred upon the treasurer authority to make such seizure.

3. Where the tax roll and warrant appear to be regular upon their face, and property of a person assessed is seized to satisfy a tax assessed upon such roll, replevin will not lie at the suit of such person against the officer. *Hood v. Judkins*, 61 Mich. 576 (head-note 5); *Hill v. Graham*, 72 Id. 660 (head-note 5).

Error to Newaygo. (Palmer, J.) Argued January 11, 1889. Decided January 25, 1889.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant, contended:

1. The listing and valuation which appear upon the document designated as the "assessment roll" are in the nature of a judgment; citing *Aldrich v. Aldrich*, 8 Metc. 102; and the tax roll with the warrant annexed is analogous to an execution, and constitutes the only authority of the officer to proceed and collect the taxes; citing Blackwell, Tax Titles, 167; Cooley, Tax'n, 424.

2. Our statute makes a very clear distinction between these two rolls, giving to the one the nature of a judgment, purely and simply, while the other is part of what is made to operate as execution; citing Act No. 153, Laws of 1885, §§ 21, 27, 30.

3. The words "assess" or "assessment," and "tax" or "taxation," have well-known distinct definitions. An assessment is defined as making out a list of property, and fixing its valuation or appraisement, with a view to taxing persons and property; "an official estimate of the sum which is to constitute the basis of an apportionment of a tax between the individual subjects of taxation within the district. It does not, therefore, of itself lay the charge upon either persons or property, but it is a step preliminary thereto, and which is essential to the apportionment;" citing Cooley, Tax'n, 351.

4. The Legislature having declared that the assessment roll, when completed and authenticated, shall be delivered to the supervisor, who shall file and keep the same in his office, and having further declared what the treasurer must have in his hands before he is authorized to collect the taxes, namely, the tax roll and

warrant, and it appearing by the finding of the court that neither of these prerequisites has been complied with, the defendant's acts in the premises were without authority.

*George Luton,* for defendant, contended:

1. Replevin will not lie to recover property held by an officer under a tax warrant regular upon its face, and issued and signed by the supervisor of the township, against the plaintiff in replevin; citing *Grindrod v. Lauzon,* 47 Mich. 584; *Hill v. Wright,* 49 Id. 229; *Hood v. Judkins,* 61 Id. 583.

2. A supervisor cannot be sworn to contradict his certificate attached to the collection roll which he has delivered to the treasurer; citing *Blanchard v. Powers,* 42 Mich. 619; *Gamble v. East Saginaw,* 43 Id. 367.

CHAMPLIN, J. This action of replevin was brought to recover possession of certain chattels belonging to plaintiff, and which the defendant, as township treasurer, had seized under a warrant annexed to a tax roll in his hands for collection. On the trial it appeared that an assessment was made by the supervisor of the town of Norwich, in the county of Newaygo, for the year 1887. After the October session of the board of supervisors for that year, and in November, the supervisor who made the assessment resigned his office, and the vacancy was filled by the appointment of William R. Freeman. Freeman received from his predecessor the assessment roll, which had been duly certified by the board of supervisors, with the taxes extended thereon. To this roll he attached the following certificate:

"STATE OF MICHIGAN, } ss.
County of Newaygo. }
"I hereby certify that the foregoing and annexed tax roll is a correct and true copy of the assessment roll of the township of Norwich, in the county aforesaid, for the year 1887.
"WILLIAM R. FREEMAN,
"Supervisor of the Township of Norwich."

To this roll he attached his warrant, directed to the township treasurer in the usual form, and under which

the property replevied was seized to satisfy a tax assessed against the plaintiff upon the roll. Upon the trial the plaintiff was permitted to show by oral testimony that the roll to which the warrant was annexed was in fact the original assessment roll, instead of a prepared copy, and for this reason the plaintiff claims that the warrant is void, and conferred no authority upon the officer to collect the tax.

The statute (Act No. 153, Laws of 1885, § 26) provides that the supervisor, after the roll has been certified as directed by the board of supervisors, shall proceed to assess the taxes apportioned to his township, and extend the same on his roll, and the taxes thus assessed shall become at once a debt to the township from the persons to whom they are assessed; and all personal taxes shall also be a lien on all personal property of such persons so assessed from and after December 1, except where such property is sold in the regular course of business.

The next section then provides that the supervisor shall prepare a copy of the assessment roll, with the taxes assessed as therein-before provided, and annex thereto a warrant signed by him, commanding the township treasurer to collect the taxes; and this warrant authorizes the treasurer, in case of neglect or refusal of any person assessed to pay, to seize the goods and chattels of such person, and sell the same therefor. The copy of the roll, with the warrant annexed, is designated as the "tax roll." The liability of the party assessed to pay the tax becomes fixed when the tax is extended upon the original assessment roll.

The taxes in this case assessed against the plaintiff became a debt to the township when the roll was completed, and remained a debt which it was the duty of plaintiff to pay. No complaint is made that the taxes so assessed are either illegal or unjust, and it is plain from

the position taken that the payment of such taxes could have been enforced if the warrant had been attached to a copy of the assessment roll, instead of to the original. Plaintiff, then, is not in the least injured by the failure of the supervisor to make a copy, and attach his warrant thereto.   No rights of the plaintiff are impaired or jeopardized by such irregularity; and we have no doubt, under the facts of this case, that the warrant conferred upon the township treasurer authority to seize the property in question.   The roll delivered to him was duly certified by the supervisor to be a copy of the original assessment roll, and his warrant was regular upon its face.

Where the roll and warrant appear to be regular upon their face, and property of a person assessed is seized to satisfy a tax assessed upon such roll, replevin will not lie at the suit of such person against the officer.

The judgment must be affirmed.

The other Justices concurred.

