BARTON *v.* THOMPSON'S ESTATE.

1. PARTNERSHIP — CONVERSION OF PARTNERSHIP FUNDS — PRIMA
   FACIE CASE.
    Tax rolls showing assessments against an individual part-
    ner and canceled checks of the partnership in the hand-
    writing of said partner payable to the treasurers of the
    respective municipalities in amounts identical with the
    taxes due, together with testimony showing that the
    checks were paid from the firm account, established *prima
    facie* the use of firm funds to discharge individual in-
    debtedness, and in an action by a partner to recover same
    from the estate of said copartner, deceased, in the absence
    of evidence on the part of the estate controverting the
    *prima facie* case, the trial judge would have been justified
    in directing a verdict for one-half of the amount thus es-
    tablished as limited by the bill of particulars.

2. SAME—TORT ACTION MAY BE MAINTAINED BY PARTNER NOTWITH-
   STANDING FAILURE TO FILE CERTIFICATE.
    An action by a partner against the estate of a deceased
    copartner, based on the conversion of partnership funds,
    may be maintained notwithstanding the failure of the
    partnership to comply with Act No. 164, Pub. Acts 1913,
    requiring the filing of certificates of copartnership, since
    the action is sounded in tort.

3. SAME—SALE OF PARTNERSHIP INTEREST TO THIRD PARTY DOES
   NOT SETTLE COPARTNER'S CLAIM.
    Where plaintiff, a partner, had a claim against a copartner
    for the conversion of partnership funds, the sale by the
    copartner of his interest to a third party with the consent
    of the plaintiff would not settle plaintiff's claim.

Error to Shiawassee; Collins (Joseph H.), J.   Sub-
mitted October 4, 1923.   (Docket No. 22.)   Decided
November 13, 1923.

Wirt E. Barton presented a claim against the estate

of Willard D. Thompson, deceased, for the wrongful conversion of partnership funds. The claim was allowed in the probate court, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*William J. Parker* (*Terry & Parsons*, of counsel), for appellant.

*Matthews & Hicks*, for appellee.

FELLOWS, J.    Plaintiff, Wirt E. Barton, and Willard D. Thompson formed a partnership on August 12, 1912, to conduct a furniture business at Durand in Shiawassee county. The partnership continued until January 17, 1919, when Mr. Thompson sold his interest with the consent of plaintiff to Lyle E. Gorton. February 27, 1921, Mr. Thompson died. This claim was filed against his estate predicated largely on his conversion of partnership money to his individual use. It is considered by counsel under three branches:

(1) The use of firm money to pay taxes assessed against Mr. Thompson personally.

(2) The use of firm money to pay for furniture and other articles for Mr. Thompson's home.

(3) The value of an automobile owned by plaintiff and turned in as part payment for an automobile for Mr. Thompson.

Plaintiff introduced in evidence the village and township tax rolls showing assessments against Mr. Thompson for the various years together with canceled checks of the firm in the handwriting of deceased payable to the respective treasurers in amounts identical with the taxes due from him. The tax rolls *prima facie* established Mr. Thompson's indebtedness for the taxes there assessed against him (1 Comp. Laws 1915, § 4035; *West Michigan Lumber Co.* v. *Dean*, 73 Mich. 459; *City of Muskegon* v. *Lumber Co.*, 86 Mich. 625;

*Feily* v. *Campground Ass'n,* 210 Mich. 197, 206), and the canceled checks of the firm drawn by him together with the testimony showing that the checks were paid from the firm account established *prima facie* the use of firm funds to discharge his individual indebtedness. There being no evidence on the part of the estate in any way controverting this *prima facie* case, the trial judge would have been authorized in directing a verdict for one-half of the amount thus established as limited by the bill of particulars. This amount with interest exceeded the amount of the verdict so that it becomes unnecessary to consider the paucity of proof on the other branches of the claim.

It is insisted on behalf of the estate that plaintiff can not recover because of the failure of the partnership to comply with Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354 *et seq.*), enacted after the partnership was formed. In *Cashin* v. *Pliter,* 168 Mich. 386 (Ann Cas. 1913C, 697), this court pointed out that the act in question was passed for the benefit of those dealing with partnerships. See, also, *Robbins* v. *Vandermeiden,* 182 Mich. 674; *Bottomley* v. *Brown,* 188 Mich. 134. Some doubt may be entertained as to whether the copartners (not belonging to the class for whose benefit the statute was enacted) may invoke it as to dealings *inter se.* But, be that as it may, this claim is based on the conversion of firm assets by one of the partners for his individual use; one-half of these assets belonged to plaintiff. The claim being bottomed on conversion, the case falls within the rule laid down in *Denton* v. *Booth,* 202 Mich. 215. In that case the action was in form assumpsit, but in reality sounded in tort. It was brought by plaintiffs, constituting a copartnership which had not complied with the act, for the conversion of certain horses. It was held that as the action sounded in tort, they were entitled to maintain the

action notwithstanding their failure to comply with the act. This case was followed in *Winget* v. *Railway Co.,* 210 Mich. 100. So in the instant case the claim sounds in tort and the failure to comply with the act does not preclude recovery.

It has been noted that on January 17, 1919, Mr. Thompson sold his interest in the furniture business to Lyle E. Gorton and that plaintiff consented thereto; he and Gorton have since conducted the business, the new partnership assuming the firm debts. It is insisted on behalf of the estate that this closed and settled any matters between the former partners, and *French* v. *Mulholland,* 218 Mich. 248, and *Farnsworth* v. *Whitney,* 74 Me. 370 (there cited), are relied upon. These cases are clearly distinguishable from the instant case. In both cases the sale was from one partner to the other. In the *French Case* the sale was made on a give or take proposition and it was held that in the absence of fraud this operated to adjust partnership affairs. In the Maine case the partners settled their partnership affairs and one sold to the other. In both of these cases the transaction itself established that there was a settlement between the parties of their partnership affairs. In the instant case Mr. Thompson sold his interest to a third party and there is no intimation in the contract entered into between the parties that there had been any settlement of partnership affairs or accounts between plaintiff and Thompson. Manifestly the sale by Thompson to Gorton of his interest in the firm did not in itself relieve Thompson of any obligation which may have existed in favor of plaintiff.

We find no reversible error in the case and the judgment will be affirmed.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.