MEEHL, *for use of* EAGLE INDEMNITY CO., *v.* BARR TRANSFER CO.

1. Partnership—Certificates—Tort Actions.

Statute requiring the filing of partnership certificate is not a bar to the maintenance of an action by individuals involved sounding in tort (2 Comp. Laws 1929, § 9929 *et seq.*, as amended by Act No. 273, Pub. Acts 1931).

2. Process—Residence—Venue.

It is not a prerequisite to the issuance of a summons that the court issuing same has jurisdiction of the parties by reason of their place of residence or that the summons or other process must show jurisdiction by a statement of such residence notwithstanding provisions as to residence in statute relating to venue (3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931).

3. Same—Residence of Plaintiffs—Affidavit.

Defendant which moved to quash service of process because plaintiffs were not an existent partnership in county in which suit was brought or residents of said county failed to meet its burden of proof by affidavit of deputy county clerk stating that plaintiffs had not filed assumed name or partnership certificates in such county but that a certificate of dissolution had been filed by plaintiffs.

Defects of process, see Restatement, Judgments, § 8, comment b; service of process upon nonresident, see § 18, comment d.

4. PLEADING—JURISDICTION—AMENDMENT.

Where question of sufficiency of declaration to show jurisdiction is raised in trial court, plaintiffs have right to amend without leave of court (Court Rule No. 26 [1933]).

5. CORPORATIONS—DISSOLUTION.

The dissolution of a corporation is governed by the laws of. the State granting its charter.

6. PROCESS—NONRESIDENT CORPORATION—SUFFICIENCY OF SERVICE.

Under Delaware statute continuing corporation for three years following official proclamation of not being in existence and in good standing because of nonpayment of franchise fees, for purpose of prosecuting and defending suits and winding up its business, service of process upon a Delaware corporation in action arising out of its use of Michigan highways by serving copy of summons upon Secretary of State for the State of Michigan by mail and by registered mail upon individual who had been president and a director of such nonresident corporation constituted proper and binding service upon such defendant (Del. Rev. Code 1935, § 2074; 1 Mich. Comp. Laws 1929, § 4790, as amended by Act No. 110, Pub. Acts 1935, and Act No. 104, Pub. Acts 1941).

Appeal from Berrien; Sample (George W.), J., presiding. Submitted April 14, 1943. (Docket No. 69, Calendar No. 42,363.) Decided May 18, 1943.

Case by F. C. Meehl, Fred Meehl, and Charles Meehl, doing business as Quality First Linen Supply, for the use of Eagle Indemnity Company, plaintiff's insurer, against Barr Transfer Company, a dissolved Delaware corporation, for damages to plaintiffs' property and employee, caused by collision with vehicle driven by defendant's employee. From order granting defendant's motion to dismiss and to quash service, plaintiffs appeal. Reversed and remanded.

*Alexander, McCaslin & Cholette,* for plaintiff.

*Clifford A. Mitts,* for defendant.

CHANDLER, J. This is an appeal from an order entered in the circuit court for the county of Berrien granting the following motion made by defendant:

"Now comes the above-named defendant and moves this honorable court to dismiss the above-captioned cause and to quash the service therein for the following reasons:

"1. That the plaintiffs, F. C. Meehl, Fred Meehl and Charles Meehl are not a copartnership operating as the Quality First Linen Supply and have no right to commence the above-captioned suit in the county of Berrien, not being an existent copartnership in said county or residents of said county.

"2. That the Barr Transfer Company is not a corporation either existing under the laws of the State of Michigan or doing business at the present time under the laws of the State of Michigan and is not a resident of Berrien county.

"3. That service of process issued in this cause was not properly issued, the court not having any jurisdiction for the issuance of the same, since neither of the parties were residents of said county to issue the summons against the defendant in this cause.

"4. That the Barr Transfer Company was not a corporation, and since a corporation had ceased to exist, service made upon the secretary of State in accordance with Act No. 110, Pub. Acts 1935, being 1 Comp. Laws 1929, § 4790, and the amendment to said act, being Act No. 104, Pub. Acts 1941, did not constitute valid service upon this corporation.

"5. That at the time of service upon Edward Bargery, as set forth in the files in this cause, Edward Bargery was not an officer or director or agent of the corporation and the summons was not served upon the corporation, personally."

The trial court granted the motion, giving the following reasons:

"The defendant appeared specially for the sole purpose of moving to dismiss and the court finds that the bill of complaint should be dismissed for the reasons:

"1.   That neither the plaintiff nor the defendant are residents of Berrien county and, therefore, this court has no jurisdiction in this case.

"2.   That the plaintiffs have not complied with the law requiring them to file a certificate of copartnership and cannot bring suit in Berrien county under the statute.

"3.   That service of process could not be had in accordance with the nonresident act of the State of Michigan since the corporation, the defendant, had ceased to exist prior to the commencement of action and the dissolution of the corporation had terminated the agency, if ever one may have existed."

Proof of service of the summons was made by affidavit and this being important we quote therefrom:

"Albert D. Wing makes oath and says that the defendant above named is a corporation, but not doing business in the State of Michigan so that service can be had upon it and that he mailed a copy of the attached summons to the secretary of State [for the State] of Michigan on the 19th day of June, 1942, and that he received a communication from said secretary of State that said summons was filed by him on June 22, 1942, at 3:45 p. m.

"Affiant further states that on June 24, 1942, he mailed a copy of said summons to Mr. E. C. Bargery, 7841 South Euclid avenue, Chicago, by registered mail with return receipt requested and that he received the return receipt and which receipt is hereto attached and made a part of this affidavit. That he mailed a letter to the said Mr. E. C. Bargery in the same registered parcel containing the said copy of summons and a copy of which letter is hereto attached and made a part of this affidavit.

"Affiant further says that the said defendant Barr Transfer Company has gone out of business

and has no office or place of business where it receives mail and in accordance with the provisions of the law he addressed the aforesaid registered mail to Mr. E. C. Bargery as aforesaid for the reason that he was the president of said corporation defendant and one of its directors.''

An affidavit of a deputy county clerk of Berrien county and a certificate of the secretary of State of the State of Delaware, evidently made and filed in support of said motion, though of a much later date, being also of some importance, we quote in full:

''Ione Crouse, deputy clerk of the county of Berrien, being duly sworn, deposes and says:

''That she has made a search of all of the records and files in the county clerk's office and that she does not find where anyone has filed an assumed name certificate to operate in the county of Berrien under the name of Quality First Linen Supply; that she has also searched the records and does not find any record of the filing of any copartnership papers to operate the business under the name and style of the Quality First Linen Supply and that she does not find where F. C. Meehl, Fred Meehl and Charles Meehl ever filed any papers indicating that they were going to operate a business known as the Quality First Linen Supply. That, however, the records of the county clerk's office for the county of Berrien do reveal that on or about July 10, 1940, a certificate of dissolution was filed by F. C. Meehl, Fred Meehl, and Charles Meehl of their business operated as the Quality First Linen Supply.''

''I, Earle D. Willey, secretary of State of the State of Delaware, do hereby certify that the certificate of incorporation of the 'Barr Transfer Co.,' was received and filed in this office the ninth day of November, A. D. 1935, at 9 o'clock a. m.;

''And I do hereby further certify that the afore-

said corporation is no longer in existence and good standing under the laws of the State of Delaware having become inoperative and void April 1, A. D. 1939, for nonpayment of taxes;

"And I do hereby further certify that the aforesaid corporation was proclaimed in accordance with the provisions of sections 75 and 76 of chapter 6 of the Revised Statutes of 1915, on the 22d day of January, A. D. 1940, the same having been reported to the governor as having neglected or refused to pay their annual franchise taxes for two consecutive years.

"In testimony whereof, I have hereunto set my hand and official seal, at Dover, this 24th day of August, in the year of our Lord 1942.

"(Signed) EARLE D. WILLEY
"Secretary of State."

Plaintiffs' declaration shows that the action is founded upon an alleged tortious act of defendant; that defendant on April 3, 1939, was the owner and possessed a certain motor vehicle, described as a semitrailer and tractor, which was then being driven and operated by one Herman A. Hanst, defendant's agent and servant, upon a certain public highway in the county of Berrien, known as US–12, with the consent and knowledge and in the business of defendant. The declaration alleges that by reason of the negligent operation of said vehicle by its agent and servant, an automobile, the property of plaintiffs, was demolished and their employee seriously injured. The declaration further alleges that this action was instituted for the use and benefit of the Eagle Indemnity Company, a corporation duly authorized to engage in the insurance business in the State of Michigan.

It is thus made to appear clearly that the action sounds in tort, and that the contention of defend-

ant, adopted by the trial court, that the failure of plaintiffs to comply with the statute* requiring them to file a certificate of copartnership in Berrien county is a bar to the maintenance of the suit, is without merit. See *Denton* v. *Booth,* 202 Mich. 215 (2 A. L. R. 114); *Winget* v. *Grand Trunk Western R. Co.,* 210 Mich. 100; *Barton* v. *Thompson's Estate,* 225 Mich. 40.

We know of no rule or statutory provision requiring, as a prerequisite to the issuance of a summons, a showing that the court has jurisdiction of the parties by reason of their place of residence, or any requirement that the summons or other process must show jurisdiction by a statement of such residence. We are familiar with the statutory provision requiring actions, with certain exceptions, to be commenced and tried in the county where one of the parties resides at the time of commencement of suit.†

The motion here is to quash service because plaintiffs were not "an existent copartnership in said county or residents of said county." To entitle defendant to maintain the motion, the burden was upon it to establish by affidavit or otherwise that none of the plaintiffs were residents of Berrien county. The only attempt to do this was by the affidavit of the deputy county clerk, hereinbefore quoted. This affidavit utterly fails to establish the fact that plaintiffs individually or the partnership were not residents of the county in which the suit was instituted, but inferentially at least tends to establish the contrary.

If the question of the sufficiency of plaintiffs' declaration to show jurisdiction had been raised in

---

* See 2 Comp. Laws 1929, § 9929 *et seq.,* as amended by Act No. 273, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 9932 *et seq.,* Stat. Ann. § 20.111 *et seq.*).—Reporter.

† See 3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931 (Stat. Ann. § 27.641).—Reporter.

the trial court, they would have had the right to amend without leave of the court.  See Court Rules No. 26 (1933).

It is contended by defendant, and determined by the trial court:

"That service of process could not be had in accordance with the nonresident act of the State of Michigan since the corporation, the defendant, had ceased to exist prior to the commencement of action and the dissolution of the corporation had terminated the agency, if ever one may have existed."

Defendant is and was a Delaware corporation. According to the certificate of the secretary of State of the State of Delaware on January 22, 1940, it was reported to the governor of said State as having neglected or refused to pay its annual franchise taxes for two consecutive years, and was proclaimed as no longer in existence and good standing, in accordance with the provisions of the Delaware statutes.

There is no question but that the dissolution of a corporation is governed by the laws of the State granting its charter.  The general corporation laws of the State of Delaware, Revised Code 1935, § 2074, provides:

"All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suit by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established."

We hold that by virtue of this statutory provision it is clear that even though the charter of the corporation was forfeited for nonpayment of franchise taxes, it continued to exist for at least an additional three years following the proclamation of the governor repealing the charter for the purpose of prosecuting and defending suits and winding up its business, and that service upon the secretary of State for the State of Michigan, in the manner shown by the proof of service herein, constituted proper and binding service upon the defendant. See *Floerchinger* v. *Sioux Falls Gas Co.,* 68 S. D. 543 (5 N. W. [2d] 55), where a New Jersey statute (N. J. Rev. Stat. [1937], § 14: 13–4) similar to the Delaware statute was involved, and the issue presented was identical with that presented herein.

The order of the trial court quashing service of process is vacated and the cause remanded, with costs to appellant.

Boyles, C. J., and North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.