PHILLIP *v.* POST.

1. NAMES—ACTION EX DELICTO—CERTIFICATES.

An individual doing business under an assumed name may maintain an action *ex delicto* without having filed a certificate under the assumed name act (2 Comp. Laws 1929, § 9825 *et seq.*, as amended by Acts Nos. 272, 274, Pub. Acts 1931).

2. APPEAL AND ERROR—ASSUMED NAMES—CERTIFICATES—FRAUD—JUDGMENT.

Individual who did business under an assumed name without having filed a certificate under the assumed name act was entitled to have judgment entered on jury's verdict in action for fraud and deceit where trial judge had granted defendant's motion for judgment *non obstante veredicto* because of plaintiff's failure to file such certificate, relief not being confined merely to dismissal of the case without prejudice under the circumstances (2 Comp. Laws 1929, § 9825 *et seq.*, as amended by Acts Nos. 272, 274, Pub. Acts 1931).

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 4, 1944. (Docket No. 11, Calendar No. 41,974.) Decided May 17, 1944.

Case by John R. Phillip, individually and doing business as Nehi Beverage Company, against John Post for damages caused by fraud and deceit. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

*Harold H. Smedley (Abner D. Dilley,* of counsel), for plaintiff.

BOYLES, J. Plaintiff filed a declaration against defendant John Post in trespass on the case claiming that Post had obtained certain merchandise from him by fraud and deceit, and asked for $245.33 judgment. On trial by jury defendant moved for a directed verdict on the ground that plaintiff had not filed in the office of the county clerk of Muskegon county a certificate of doing business under an assumed name, as required by Act No. 101, Pub. Acts

1907, as amended by Acts Nos. 272, 274, Pub. Acts 1931 (2 Comp. Laws 1929, § 9825 *et seq.* [Comp. Laws Supp. 1940, § 9825 *et seq.*, Stat Ann. § 19.821 *et seq.*]). Admittedly plaintiff was doing business in Muskegon county under an assumed name and had not filed the aforesaid certificate. The court reserved decision, plaintiff had verdict of jury for $225.68, defendant moved for judgment *non obstante veredicto,* which motion was granted by the court on the ground that the statute required plaintiff to have the aforesaid certificate on file in Muskegon county before commencement of suit. On leave granted, plaintiff appeals from judgment for defendant entered on the motion. Appellee has not filed a brief in this court.

The judgment must be set aside. This is an action sounding in tort. The comparable statute requiring the filing of a certificate of copartnership by copartners (2 Comp. Laws 1929, § 9929 [Stat. Ann. § 20.111]) does not apply to actions *ex delicto. Denton* v. *Booth,* 202 Mich. 215 (2 A. L. R. 114); *Barton* v. *Thompson's Estate,* 225 Mich. 40; *Meehl, for use of Eagle Indemnity Co.,* v. *Barr Transfer Co.,* 305 Mich. 276. We have held that this rule also applies to actions sounding in tort where the plaintiff was doing business under an assumed name without filing a certificate under the assumed name act. *Winget* v. *Railway Co.,* 210 Mich. 100. Notwithstanding the provisions of Act No. 101, Pub. Acts 1907, as amended, one may bring an action *ex delicto* without filing the certificate. Under these circumstances relief is not limited to dismissal of the case without prejudice and the trial court may be directed to enter judgment for plaintiff. *Levin* v. *Fisher,* 217 Mich. 681.

Reversed and remanded for entry of judgment for plaintiff on the verdict.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.